DENNIS BLAKELEY, Appellant, *v.* GEORGE C. BESTOR, Appellee.

### APPEAL FROM PEORIA.

It is competent to avoid the evidence of a tax-title set up by the defendant in eject-ment, by proving that the defendant was in a position while the tax-title was maturing, which made it his duty to pay the taxes. But it does not necessarily follow, from the fact that the defendant was in possession of the premises when the taxes were assessed, that he was bound to pay them.

The court has no right to reject a tax-title from the evidence, on the ground that the evidence shows it to have been acquired at a time when it was the duty of the party seeking to avail himself of it, to pay the taxes, without affording such party an opportunity to contradict or explain such evidence.

The construction of a tax-deed in respect to the description of the land conveyed, must be the same as if such description were used in a deed between private individuals. The doctrine of strict construction, as applied to the execution of naked statutory powers, has no application in such case.

Where a tax-deed purported to convey part of a town lot, "viz.: 20 feet on Main street, commencing 40 feet from Alley, undivided half, Lot No. six, in block No. seven, in the town of Peoria," it was

*Held,* that it must be construed as embracing a parcel of land twenty feet wide, ex-tending back from Main street the whole depth of the lot, whatever it might be.

THIS was an action of ejectment commenced in the Circuit Court of Peoria county, by George C. Bestor against Dennis

Blakeley. A trial was had at the August term, 1851, of that court, upon the general issue; which resulted in a verdict for the plaintiff, and the defendant appealed.

The facts of the case are fully stated in the opinion of the court.

O. Peters and George S. Blakeley, for appellant.

*First.* The description in the deed, judgment, and precept, are certain enough to pass the estate. Its exact locality can be easily ascertained, "twenty feet on Main street, commencing forty feet from the alley," &c. The plaintiff below introduced the plat, and our deed, judgment, and precept are to be construed as aided by that plat. "Commencing forty feet," &c., is a plain starting point; it conveys an undivided part of the lot, that is, the part of the lot which is "twenty feet on Main street." The parties intended something, and they could have intended nothing else. The deed is to be so construed as to give it effect, if it can be done without violation of positive rules of law. City of Alton v. Illinois Trans. R. Co., 12 Ill. 54. A deed that is ambiguous must be construed most strongly against the grantor. 12 Ill. R. 58, *supra.*

The collector or sheriff is the grantor; he stands in the place of the owner of the land; the owner, from neglect of duty to the government, or rather by reason of his duty and obligation to the government, becomes indebted to it, and the law, by its proper officer, proceeds to do what he ought to have done, viz. raise his dues to the government, and subject his property to sale and conveyance for his default. The officer acts for him, and he should be estopped from relying upon an ambiguity, to avoid the deed. Whitaker v. Sumner, 9 Pick. R. 311; Olcott v. The People, 5 Gilm. 490. It is sufficient, if the locality of the land can be ascertained.

*Second.* If there is ambiguity and uncertainty in the deed, it is aided by the other parts of the record.

The assessment and all subsequent proceedings were offered, and are now in the case, as part of it, and each and all are muniments of title. The revenue laws do not exclude these as evi-

dence, but excuses their production. The party may rely on the judgment, precept, and deed; but he is not required to do so.

The assessment is regular, and contains a full description, " twenty feet on Main street, by seventy-two feet deep " — the returns of the delinquent lands, the judgment, precept, and deed, in connection with the plat, follow the assessment so nearly as to make the designation certain. We cite authorities not to establish, but to illustrate the principle of construction. Allen v. Bates, 6 Pick. R. 460; Birch v. Depeyster, 2 Eng. C. L. R. 86; 12 Ill. Rep. *supra.*

*Third.* Courts will receive aid in the construction of a deed, by extrinsic evidence, either from written documents or parol evidence, when the language of the deed is ambiguous, indefinite, or may have two significations, or a local signification or meaning. This rule is well settled, and the only difficulty is in its application. Clayton v. Gregson, 31 Eng. C. L. R. 342; Brown v. Brown, 8 Met. R. 576; Astor v. Union Insurance Co. 7 Cow. R. 202 – 214; Union Insurance Co. v. Breed, 1 Sumn. R. 159; The King v. Mashiter, 33 Eng. C. L. R. 36; McGregor v. Brown, 5 Pick. R. 170; 1 Mason R. 11; Doe v. Needs, 2 M. & W. 138; Doyle 'v. Teas, 4 Scam. R. 254, and authorities there cited; 1 Greenl. Ev. §§ 280, 286, 287, 288, and p. 659, 660.

The parol evidence we offer, is not to alter, or change, the terms of the deed, but to show what the parties intended by the language used; to show, not what was the meaning of words, but a phrase, a collocation of words; not the meaning of the words " twenty feet," but of the phrase, " twenty feet on Main street;" not its ordinary, general meaning, but its local meaning as fixed by its local usage. A " foot," as used in Peoria, as bordering on a street, has a very different meaning from what it would have in New York or Boston, when similarly used. In Peoria it means, a foot on the street running across the lot; in New York or Boston, it means a square foot.

*Fourth.* This deed should have a construction like other deeds; the same as if it had been made by the owner of the land. The courts have gone far enough to defeat titles acquired in good faith, under the revenue laws. The faith of the government is

pledged to those who pay their money for its support, that they shall be treated like other purchasers; twenty-five years of legislation have been had, reasonably to protect purchasers of property under the faith of its laws, and to insure the collection of its revenue. Legislation has been liberal to protect the purchaser. The construction of those laws has been quite rigorous enough. All our late legislation has been of a remedial character, and hence, if not the most liberal, at least a liberal construction should be given to those laws; they, and the proceedings under them, should be as liberal as other laws, which determine rights between parties. Atkins v. Hinman, 2 Gilm. R. 452, 453; Chesnut v. Marsh, 12 Ill. R. 180; Bestor v. Powell, 2 Gilm. R. 128; Hinman v. Pope, Id. 141, 142; Graves v. Bruen, 11 Ill. 437; Vann v. Schuyler, 1 Gilm. R. 162; Messinger v. Germain, 1 Gilm. R. 634.

H. O. MERRIMAN, for appellee.

TRUMBULL, J. This was an action of ejectment commenced in the Peoria Circuit Court, by Bestor against Blakeley. A trial was had upon the general issue, at the August term, 1851, when a verdict was rendered for the plaintiff, and the defendant appealed to this court.

In lieu of a bill of exceptions, the parties filed an agreement containing a statement of the facts which appeared on the trial of the case in the Circuit Court. From this it appears that Bestor deduced a title to himself from the United States to the part of the lot in the declaration mentioned, viz.: "certain premises situated in the city of Peoria, in the county of Peoria, and State of Illinois, known and described as that part of Lot No. six (6,) in Block No. seven (7,) in said city, bounded as follows, to wit: beginning at a point on Main street, in said city, forty feet southeasterly from the corner of said lot, and the alley dividing said block, running thence southeasterly along the line of said lot on Main street, twenty feet; thence on a line parallel with said alley, northeasterly seventy-two (72) feet across said lot; thence along the dividing line between said Lot No. six and Lot No. seven (7) in said block northwesterly

towards said alley twenty feet; thence on a line parallel to said alley to the place of beginning, being twenty feet front on Main street by seventy-two feet deep, and forty feet southeasterly from said alley."

The plaintiff also gave in evidence a plat of that part of the city of Peoria, showing the location of the premises in question, as follows:

The lots are laid out 171 by 72 feet.    Streets 100 feet and alleys 18 feet wide.

It was proved that the defendant had been in possession of the premises for the last ten years, and that he was in possession at the time of the service of the declaration.

The defence set up, was a tax title in Russell Blakeley. To sustain this the defendant offered in evidence the assessment book of the assessor of said county for the year 1842, in which lot 6, in block 7, was listed for taxation as follows:

| | PEORIA. | Lot | Block | Ass'd. Value. | State | County | Road |
|---|---|---|---|---|---|---|---|
| Isaac Underhill, | 24 ft. on Main st. by 72 on alley. | 6 | 7 | 600 | 180 | 18 | 60 |
| Alexander Cooper, | 16 ft. on Main st. by 72 deep, commencing 24 ft. from alley. | 6 | 7 | 500 | 150 | 150 | 50 |
| | 20 ft. on Main st. by 72 deep, commencing 40 ft. from alley undivided half. | 6 | 7 | 400 | 120 | 120 | 40 |
| | Undivided half of same as described above. | 6 | 7 | 400 | 120 | 120 | 40 |
| Reynolds & Smith, | 20 ft. on Main st. commencing 60 ft. from alley, 72 deep. | 6 | 7 | 1000 | 300 | 300 | 100 |
| Wm. B. Farrell, | 20 ft. on Main st. commencing 80 ft. from alley, 72 deep. | 6 | 7 | 1200 | 360 | 360 | 120 |
| James Mossman, | 20 ft. on Main st. commencing 100 ft. from alley, 72 deep. | 6 | 7 | 1100 | 330 | 330 | 110 |
| Tucker & Mansfield, | 20 ft. on Main st. commencing 120 ft. from alley, 72 deep. | 6 | 7 | 500 | 150 | 150 | 50 |
| | 31 ft. on Main st. by 72 on Washington st. | 6 | 7 | 1000 | 300 | 300 | 100 |

In the same connection, the defendant offered ine vidence the notice and return of the collector for the taxes of the year 1842 ; the judgment of the Circuit Court of Peoria county, against lands, &c. for the taxes of the same year, rendered May term, 1843; the precept or order issued to the sheriff on said judgment, and a sheriff's deed to said R. Blakeley. In all these proceedings and in the deed, the description of the premises in controversy is the same as in the assessment, except that the words and figures " by 72 deep " are omitted in all of them. In connection with the foregoing documentary and record evidence, the defendant called a witness " who testified to the court, that whenever lands or lots, in the city of Peoria are sold, and any given number of feet on any particular street is mentioned in the description, it was understood to mean so many feet wide across the lot; as if twenty feet on Main street is mentioned in the description, it would be understood a part of the lot running across the lot twenty feet wide."

The court rejected all of defendant's testimony, except the parol evidence offered to the court.

The rejection of the documentary and parol evidence offered in support of the tax-title, presents the only question in the case.

It is first insisted, that the defendant is not in a position to avail himself of an outstanding tax-title, be it ever so regular, for the reason that he is shown by the record to have been in the possession of the premises at the time the taxes accrued, and the sale took place, wherefore it is said it was his duty to have paid the taxes, and that he ought not to be permitted to avail himself of a tax-title acquired through his default. This may or may not be so. It does not necessarily follow, that because a person is in possession of premises, he is bound to pay the taxes assessed upon them. He may occupy them as a tenant under an agreement that his landlord shall pay the taxes, and in such case there would be no obligation on the tenant to pay them, particularly, if, in pursuance of the agreement, they were listed for taxation in the landlord's name. Supposing the tax-title to have been regular, the defendant had the right, *prima facie*, to introduce it in evidence. When introduced it would be competent for the plaintiff to avoid it, by proving that the defendant occupied a position, while it was maturing, which made it his duty to have paid the taxes, and which forbids his taking advantage of a title acquired through his default. This proof, the person seeking to avail himself of the tax-title should have an opportunity to rebut or explain by other evidence.

The court has no right to reject a regular tax-title, on the ground, that the evidence shows it to have been acquired at a time when it was the duty of the party seeking to avail himself of it, to have paid the taxes, without affording such party an opportunity to contradict or explain such evidence.

Some objection was taken on the argument, to the abbreviations, such as " pt " for part, " frm " for from, and " ft " for feet, used in describing the premises in the various tax-title proceedings ; but the objection was not much relied upon, and is scarcely worthy of serious consideration. Such abbreviations are well understood, and no one is misled by them. The objection mainly urged as fatal to the tax-title was, a supposed defect in the description of the premises in the judgment, precept, and

Blakeley *v.* Bestor.

sheriff's deed. The description is in substance and almost *verbatim* the same in the three instruments, and the defect consists in omitting to state the depth of the lot, or how far back the twenty feet extend. It is insisted that this omission renders the whole proceedings void for uncertainty in the description of the premises, or if not void, that the deed only conveys a right or mathematical line of twenty feet in length, without any breadth, on Main street. Such a construction would make the deed wholly inoperative, and is not to be adopted unless clearly required by its terms. It is the duty of courts to give effect to instruments of writing so as to carry out the intentions of parties, whenever it can be done consistently with the rules of law.

In the assessment, that part of lot six in controversy, is described as being twenty feet on Main street, by seventy-two feet deep, commencing forty feet from the alley ; and there is no difficulty in tracing the boundaries by this description, or in ascertaining the quantity of land embraced within them. But the judgment, precept, and deed all omit to state the depth of the lot.

In common parlance, when twenty feet of a lot on a particular street is spoken of, it is understood to mean a strip of land twenty feet in width, running back the whole distance through or across the lot, be the same more or less. If this were an ordinary deed between individuals, no one would doubt that it was their intention to convey by it something more than an imaginary line of land twenty feet long; and the construction to be put upon the deed under consideration as to the description of the premises, must be the same as if it were a deed between private individuals. The doctrine of strict construction, as applied to the execution of naked statutory powers, has no application to a question like this.

If, then, the description used in the deed, precept, and judgment, would be understood in ordinary conversation, and in a deed between private persons, as embracing a parcel of land twenty feet on Main street, by the depth of the lot, whatever it might be, which we have no doubt would be the case, it must receive the same construction in the records and deed under

consideration; and when so construed, the description is perfect and complete.

Judgment reversed, and cause remanded.

*Judgment reversed.*