Link vs. Doerfer.

Who may Acquire Tax Title. *(1) Who owner of land for purpose of taxation. (2) Statutory presumption of adverse entry. (3) Mere intruder may acquire tax title. Presumption as to intrusion. (4) Recording tax deed makes his possession adverse.*

1. Where one enters upon land under claim of title in fee, and continues the possession and the claim so as to set section 8 of the statute of limitations running in his favor, he may be taken as the owner for all purposes of taxation.

2. The presumption that the entry upon the land was adverse, created by

said section 8, does not arise until the statute has fully run, and does not arise at all if the occupation has been without claim of title.

3. The taking of a tax deed by one who occupied the land when the tax was levied, is presumptively inconsistent with any previous claim of title in himself; and, in the absence of any evidence that his previous entry or occupation was under color or claim of title, he must be assumed to have been a mere intruder, and, as such, capable of acquiring adverse title by tax deed or other conveyance to himself.

4. Where one who has entered upon and occupied land as a mere intruder, records a tax deed thereof running to himself, this is equivalent to a new entry, under claim of title, and from thence his possession is adverse.

APPEAL from the Circuit Court for *Manitowoc* County.

Ejectment. The plaintiff's evidence tended to show that the land was entered by one Gerster in August, 1855, and conveyed by him to the plaintiff in 1874. Defendant's evidence tended to show, 1. That in November, 1857, Gerster and one Moader entered into a contract by which the former agreed to convey said land to the latter in consideration of certain moneys then paid, and of certain payments thereafter to be made, the last installment falling due in four years from that date, the vendee agreeing to pay all taxes that might be assessed upon the land, and the vendor reserving the right to declare a forfeiture and reënter upon a breach by the vendee. 2. That Moader entered upon the land, and occupied it about a year, and then abandoned it. 3. That Gerster then leased the land to one Stoll, who cut grass from it for one year. 4. That soon afterwards, in the fall of 1858 or 1859, one Hilbert moved upon the land with his family, and continued to occupy it about sixteen years, working and improving it. 5. That the land was sold for taxes in 1864, to the county, and a tax deed based upon that sale, running to Hilbert, as assignee of the county, issued and recorded in 1867. 6. That Hilbert's family (Hilbert himself being insane, and confined to the county jail for that reason) removed from the land in 1874, and defendant, who was Hilbert's son-in-law, afterwards occupied the land, having apparently been put in possession

Link vs. Doerfer.

in behalf of Hilbert, by the sheriff, under the writ of restitution awarded by the court in the action of *Gerster v. Hilbert*, reported in 38 Wis., 609 (see on p. 610).

By direction of the court, the jury found for the plaintiff; and from a judgment on the verdict defendant appealed.

For the appellant, a brief was filed by *H. G. & W. J. Turner*, and the cause was argued orally by *W. F. Vilas*. They contended that the tax deed to Hilbert was valid, because it does not appear that his possession at the time the tax was levied, was under claim of title, or that he was under any obligation to pay the taxes. *Smith v. Lewis*, 20 Wis., 356; *Bassett v. Welch*, 22 id., 175; *Jones v. Davis*, 24 id., 229; *Whitney v. Gunderson*, 31 id., 359; *Blakeley v. Bestor*, 13 Ill., 708; *Moss v. Shear*, 25 Cal., 38; *Bowman v. Cockrill*, 6 Kans., 311; *Blackwood v. Van Vleit*, 30 Mich., 118.

For the respondent, a brief was filed by *Taylor & Sutherland*, and there was oral argument by *David Taylor*. They contended that as Hilbert was in possession of the land, working and improving it, for about sixteen years, and was so in possession when the tax for which the land was sold was assessed and levied, as well as when the sale was made, and when the deed was issued, it was his duty to pay the taxes, and he could not acquire title through the sale. *Jones v. Davis*, 24 Wis., 229; *Bunker v. Rand*, 19 id., 253; *Bassett v. Welch*, 22 id., 175; *Smith v. Lewis*, 20 id., 350; *Lybrand v. Haney*, 31 id., 230; *Whitney v. Gunderson*, id., 359; *Swift v. Agnes*, 33 id., 228.

RYAN, C. J. The controlling question in this case is, whether the possession of Hilbert, the grantee in the tax deed, was such as to impose upon him a duty to pay the taxes for nonpayment of which the deed issued. *Whitney v. Gunderson*, 31 Wis., 359.

And on the character of this possession, there is singular poverty of proof. There is no evidence tending to show

whether Hilbert entered in subservience or adversely to the title of the respondent; or whether he claimed any or what right of possession, before he took the tax deed; or whether the premises were assessed to him for the tax for which the deed issued.

Perhaps proof that the premises had been assessed against him for the tax would have been immaterial, without further proof that Hilbert claimed as owner. For it appears that the statute in force at the time required land to be listed to the owner only, and not to the occupant. Sec. 23, ch. 167 of 1859, amended by subd. 9, sec. 1, ch. 295 of 1860. See the revised statute, sec. 23 of ch. 386 of 1860.

We entertain no doubt, indeed, that when one enters upon land under claim of title in fee, and continues the possession and the claim, so as to set section 8 of the statute of limitations running in his favor, he might be taken as the owner for all purposes of taxation. For he could not be tolerated to claim under one statute that he is owner, and under another statute that he is not. For the purposes of taxation, such a tenant of land might be taken at his word that he is owner.

After long possession under claim of title not resting in writing, within sec. 8, it might be difficult to establish the precise character of the entry. And so the section appears to imply a presumption of fact, subject of course to be rebutted, that after continuous occupation under claim of title for twenty years, the entry shall be deemed to have been adverse. But such a presumption would only shift the *onus probandi;* and does not disturb the rule that the entry controls the claim of title under it. *Pepper v. O'Dowd*, 39 Wis., 538. But the presumption is founded on continued possession under claim of title for twenty years, and does not arise until the statute has run upon it. It does not sooner arise upon claim of title, and does not arise at all without claim of title. Upon the possession of Hilbert, as far as disclosed in this case, the stat-

ute would not run. It could not operate by any lapse of time to toll an entry.

So far as the record discloses, Hilbert took possession of unoccupied premises, without color or claim of title, and so possessed them from his entry to the date of the tax deed. So far as the record discloses, he claimed no right in the premises before he took and recorded his tax deed. The taking of the tax deed is presumptively inconsistent with any previous claim of title in himself. And we cannot assume, in the absence of all evidence, that he had before set up any claim of title. He appears to have been a mere intruder. *Intrusio est ubi quis, cui nullum jus competit in re nec scintilla juris, possessionem vacuam ingreditur, quæ nec corpore nec animo possidetur, sicut hereditatem jacentem.* Bracton, Book IV, ch. 2, fol. 160. In Book II, ch. 17, fol. 39, of the same work, possession is called *nuda, ubi quis nil juris habet in re, nec aliquam juris scintillam, sed tantum nudam pedum posititionem.*

Such intrusion has always been held *prima facie* subservient to the legal title. *Jackson v. Waters*, 12 Johns., 365; *Jackson v. Thomas*, 16 id., 293; *Jackson v. Camp*, 1 Cow., 605; *La Frombois v. Jackson*, 8 id., 589; *Ricard v. Williams*, 7 Wheat., 59; *The Society etc. v. Pawlet*, 4 Pet., 480; *Bradstreet v. Huntington*, 5 id., 402; *Jackson v. Porter*, 1 Paine, C. C., 457; *Markley v. Amos*, 2 Bailey, 603. "And no ouster can be presumed in favor of such a naked possession." STORY, J., in *Society etc. v. Pawlet, supra.*

Though such naked possession is regarded as held in subservience to the legal title, and may subject the tenant to some form of action for the profits of the premises, yet it implies no privity of contract with the legal owner, or duty to pay taxes; nor does it preclude him from acquiring adverse title to himself, by tax deed or other conveyance. *Blackwood v. Van Vleit*, 30 Mich., 118; *Blakeley v. Bestor*, 13 Ill., 708; *Moss v. Shear*, 25 Cal., 38; *Bowman v. Cockrill*, 6 Kans., 311.

The general rule is well stated in *Jackson v. Thomas, supra:* "The principle, however, that possession must in its inception be adverse and continue so, is not well understood. In those cases in which that observation occurs, nothing had happened to change the character of the first possession, and that was considered as denoting *quo animo* the possession was held after the first entry.

"If one enter on land without any title or claim or color of title, the law adjudges the possession to be in subservience to the legal owner, and no length of possession will render the holding adverse to the title of the owner; but if a man enters on land, without claim or color of title, and no privity exists between him and the real owner, and such person afterwards acquires what he considers a good title, from that moment his possession becomes adverse."

The record in this case discloses no obligation of Hilbert to pay taxes on the land, or disability to acquire adverse title under the tax deed. His recording the tax deed was equivalent to a new entry, under claim of title; and from thence his possession was adverse. *Pepper v. O'Dowd, supra.*

The precise question here has not been before this court in any previous case which we recall. But the principles on which the judgment of this case rests, have been recognized in many cases. *Woodward v. McReynolds*, 2 Pin., 268; *Edgerton v. Bird*, 6 Wis., 527; *Smith v. Lewis*, 20 id., 350; *Sturdevant v. Mather*, id., 576; *Bassett v. Welch*, 22 id., 175; *Jones v. Davis*, 24 id., 229; *McMahon v. McGraw*, 26 id., 614; *Quinn v. Quinn*, 27 id., 168; *Frentz v. Klotsch*, 28 id., 312 ; *Whitney v. Gunderson*, 31 id., 359.

*By the Court.* — The judgment of the court below is reversed, and the cause remanded for a new trial.