Thomas Lyman

v.

The People ex rel. S. H. McCrea, Collector.

</div>

1. Assessment of entire tract when owned by different persons void.—Where an entire tract of land is assessed as a single tract to one who owns only a portion of it, such assessment is illegal, and the tax based thereon void.

2. Reason of the rule.—In the absence of a separate assessment, it will be presumed that different tracts are of different values. Neither owner

has the means of determining the amount of tax properly chargeable against him, nor can he discharge his own land without paying the tax on the whole tract, or such portion as would fall upon his own parcel, assuming the land in each parcel to be equally valuable, hence the fundamental principle of uniformity in taxation is violated.

3. DUTY OF ASSESSOR.—It was the duty of the assessor, and he had the power under the statute, to make the assessment in separate parcels, against the different owners, on having actual notice that a portion of the original tract had been conveyed prior to the first day of May; and the fact that the assessment books, as delivered to him by the county clerk, listed the land in one entire tract, will not relieve him from the proper discharge of this duty. What might be his duty in the absence of express notice of the conveyance, is not considered by the court.

4. MAKING UP LISTS BY COUNTY CLERK—LISTS NOT BINDING ON ASSESSOR.—Although the duty of making up a list of lands subject to taxation, imposed by law upon the county clerk, is highly important, it is merely clerical, designed to aid the assessor in his duties; and the descriptions of land contained in such list are not binding upon the assessor. The duty of making the assessment, *ex vi termini,* includes the giving of a correct description of the property assessed.

5. OWNER NOT BOUND TO GO BEFORE THE BOARD OF REVIEW FOR CORRECTION OF THE ASSESSMENT.—The error in the assessment is so far substantial as to render it *ipso facto* void, and under such circumstances a mere omission of the owner to appear before the Board of Review for the purpose of having the error corrected, will not give the assessment vitality.

ERROR to the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Messrs. SHOREY & SHAFFNER, for plaintiff in error; that the entire assessment is illegal, cited Barker v. Blake, 36 Me. 433; Blackwell on Tax Titles 146; Hamilton v. City of Fond du Lac, 25 Wis. 490; Cooley on Taxation, 280; State v. Williams, 20 Wis. 240; Jennings v. Collins, 99 Mass. 29; Hanscom v. Hinman, 30 Mich. 420; People v. Hancock et. al. 48 Cal. 631; Robey v. Chicago, 48 Ill. 130; Howe v. People, Sup. Ct. Ill. 1878; Prindville v. Campbell, 9 Minn. 22; State ex rel. v. Williston, 20 Wis. 228; Crane v. Janesville, 20 Wis. 305; Shimmin v. Inman, 26 Me. 228; Willis v. Scoville's Lessee, 9 Ohio, 44.

Mr. JOSEPH F. BONFIELD and Mr. M. R. M. WALLACE, for defendant in error; that it was the duty of plaintiff in error to

see that his land was properly listed, cited Rev. Stat. Chap. 120, § 66.

The assessor has no power to *list*, except in cases omitted by the county clerk: Rev. Stat. Chap. 120, § 77.

The power to correct and revise lists rests with the county clerk, or county and town board: Rev. Stat. Chap. 120, §§ 95, 86, 97.

The assessor must value each tract *listed*, and the word tract has a statutory signification: Rev. Stat. Chap. 120, § 76; Spellman v. Curtinius, 12 Ill. 409.

Plaintiff in error may pay his proportion of the taxes, and herein is his remedy: Rev. Stat. Chap. 120, § 162; Lawrence v. Miller, 10 Chicago Legal News, 276.

BAILEY, J. The record in this case brings before us for review the judgment and order of sale of the County Court of Cook county, against the east half of the northwest quarter of section fourteen, township thirty-eight, range fourteen in said county, for the taxes of 1877 and prior delinquent taxes. This land was formerly owned by one Walter Wright, who died October 25th, 1876, leaving a will whereby said land was devised to Thomas Lyman, the plaintiff in error. By deed dated January 17th, 1877, and recorded March 23d, 1877, Lyman and wife conveyed to Lincoln D. Wright and others, ten acres of said tract, to-wit: the southeast quarter of the northeast quarter of the northwest quarter of said section fourteen.

It seems that the county clerk, in making out for the township assessor the list of lands to be assessed for taxes for the year 1877, listed said land as he had previously done as a single tract and in the name of said Walter Wright. Some time in May, 1877, and after the assessment books had been delivered to the assessor, Lyman wrote a letter to the assessor, informing him of said conveyance to Lincoln D. Wright and others, and asking him to assess the ten acres, and the residue of the original tract, separately. Shortly afterwards Lyman called on the assessor in person and again informed him of said conveyance, at the same time giving him a plat showing the

location of the ten acres sold, and requested that his own land be separately assessed. The assessor thereupon suggested that Lyman should get a line from the county clerk directing such separate assessment, which was done. Notwithstanding all this, the assessor neglected to comply with Lyman's request but assessed and valued both tracts together as a single tract, and so returned the same to the county clerk. On the valuation thus obtained, the taxes of 1877 were extended and levied.

The law seems to be well settled that where an entire tract of land is assessed as a single tract, to one who owns only a portion of it, such assessment is illegal, and the tax based thereon is void. State v. Williston, 20 Wis. 228; Hamilton v. City of Fond du Lac, 25 id. 490; Barker v. Blake, 36 Me. 433; Jennings v. Collins, 99 Mass. 29; People v. Hancock, 48 Cal. 631; Robey v. City of Chicago, 48 Ill. 120.

The reason of this rule is sufficiently obvious. There being ordinarily no uniformity in the values of different tracts of land, it will be presumed in favor of the tax-payer, in the absence of a separate assessment, that different tracts are of different values. Hence where separate parcels of land belonging to different owners are assessed together, as one tract, neither owner has the means of determining the amount of tax properly chargeable against his property, nor can he discharge his own land from the tax without paying the tax on the whole tract, or such portion of it as would fall upon his own parcel, assuming the land in each parcel to be equally valuable. See Cooley on Taxation, 280. In this way the owner would presumably be compelled to pay more than his just proportion of the tax, and the fundamental principle of equality and uniformity in the imposition of taxes declared by the Constitution, would be violated.

In the recent case of Howe v. The People (not reported), three parcels of land belonging to different owners were assessed as a single tract, and the Supreme Court, holding the tax based upon such assessment to be void, say: "The different tracts may be presumed to be of different values. Three separate tracts of land, two of them belonging to others, have been valued and assessed aggregately. What part of the aggregate

Lyman v. The People ex rel.

valuation constitutes the value of appellant's tract, it is impossible to tell. The value of his tract has not been determined by the assessor, as is required by law. There has been here a plain non-compliance with a substantial requirement of the statute, the object of which is for the benefit of the tax-payer. A compliance with all such requirements is, upon familiar principles, essential to the validity of the tax."

It should be observed that in the present case the evidence shows actual notice to the assessor, while engaged in making the assessment, of the conveyance of the ten acre tract from Lyman to Lincoln D. Wright and others. He was fully advised of the rights of the parties, and requested to make his assessment accordingly. Under such circumstances it was, beyond doubt, his duty to make a separate assessment and valuation of the two parcels into which the original tract was subdivided. What might have been his duty in the absence of express notice of the conveyance, is a question which does not arise in this case.

It is, however, insisted on behalf of the defendants in error, that the land in question having been listed as a single tract by the county clerk in the assessment books prepared by him for the use of the assessor, the latter had no power to change such listing, but could only assess and value each tract as the same appeared on the list thus furnished him by the county clerk.

It is true the statute makes it the duty of the county clerk to make up for the several towns or districts in his county, in books to be provided for that purpose, the lists of lands and lots to be assessed for taxes, and to have the same, together with all blanks necessary to be used by the assessor in the assessment of real and personal property, in readiness for delivery to the assessor on or before the first day of May in each year.

These duties, imposed by statute upon the county clerk, although highly important in their character, are, in our view, merely clerical. Their object is to provide an assessment list in advance, in which shall be set down, so far as practicable, in tabular form, a correct description of the various tracts of land to be assessed, with blank columns for valuations, etc. The

preparation of such assessment books is undoubtedly highly essential to the convenient performance by the assessor of the duties incumbent upon him.    But we think the assessment list thus prepared by the clerk is at most merely provisional, and the descriptions therein contained are not binding on the assessor in any case where he finds them incomplete or erroneous. The power to correct errors and supply imperfections would seem to be necessarily incidental to the performance by the assessor of his statutory duties.    To him, and not to the county clerk, is committed the duty of making the assessment, and such duty, *ex vi termini*, includes the giving of a correct description of the property assessed.

But were this matter otherwise doubtful, we think it is set at rest by section 77 of the Revenue Law of 1872.  (R. S. 1874, p. 870, § 77).   It is there provided that  " If the assessor discovers any real property subject to taxation, which has not been returned to him by the clerk, he shall list and assess such property."   This section, we think, by fair intendment applies as well to lands, the description of which is so incomplete and imperfect as to furnish no basis for a valid assessment, as to lands the description of which is altogether omitted.    A void description may be regarded as a nullity, and the land thus described as though not described or listed at all.

In the present case, it is true, the entire eighty acre tract was listed and properly described.    No description, however, was given of either the seventy acre tract, or the ten acre tract. Each of these tracts, for purposes of taxation, must be regarded as a unit of property, numerically different from the eighty acres.    In this view they were not described at all, and so clearly came within the purview of the section above quoted. We think the assessor was fully authorized, on being notified of a subdivision of the tract, by a conveyance of a part from the owner to a third person, prior to May 1st, to list and assess the two parcels thus created separately to their respective owners, and that it was his manifest duty so to do.

It is further insisted, that even admitting the action of the assessor to have been erroneous, the owner should have appeared before the board of review, and that failing to do so, he should

be bound by the assessment.   Such, we think, is not the rule. The error in the assessment is so far substantial as to render the assessment *ipso facto* void.   Under such circumstances, it is clear that no mere omission on the part of the land owner could have the effect of giving it vitality.

This proposition is, however, we think, conclusively settled against defendants in error by the decision of the Supreme Court in Howe v. The People, above cited.   In that case one of the members of the court dissented from the decision of the majority, and in his dissenting opinion, asserted precisely the principle here sought to be invoked.   We must therefore assume that this very proposition was carefully considered by that tribunal and overruled.

The court below rendered judgment, not only for the taxes of 1877, but also for a large amount of taxes of previous years which had been reported as delinquent.   These taxes for previous years seem to have been assessed while the entire eighty acre tract was owned by a single proprietor, and we do not understand that their validity is called in question.   In consequence, however, of the invalidity of the tax of 1877, the judgment must be reversed and the cause remanded.

<div align="right">Judgment reversed.</div>