## *In re* FRANCES S. MAJOR, Executrix.

*Filed at Springfield June 12, 1890.*

| 134 | 19 |
|---|---|
| 135 | 551 |
| 134 | 19 |
| 160 | 601 |
| 134 | 19 |
| 176 | 283 |
| 134 | 19 |
| 194 | ¹ 26 |
| 194 | ² 27 |
| 134 | 19 |
| 213 | ¹286 |

1. TAXATION—*mining right separate from the land—to be listed separately.* Where there is a grant of mineral land, with a reservation of the mining right to the grantor, this will amount to a separation of the rights of property as between the land and mines or mining rights, and each must be listed separately for taxation.

2. Where the ownership of coal is severed from the ownership of the soil, the fee in the coal is property, and, as such, is liable to its just share of taxation.

3. SAME—*exemption—over-assessment—remedies.* On an appeal from the decision of the board of supervisors refusing to abate the taxes on property on the ground of its not being liable to taxation, the regularity of the assessment can not be questioned. A different remedy is provided where the property is assessed too high.

This is an original suit in this court, and arises upon the application of the Auditor to have the action of the board of supervisors affirmed in holding certain mining privileges and rights taxable.

Mr. B. S. PRETTYMAN, and Mr. R. A. WALLACE, for the applicant.

Mr. GEORGE HUNT, Attorney General, for the People.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This is an appeal from the decision of the board of supervisors of Livingston county, refusing to abate certain taxes upon the application of Frances S. Major, executrix and trustee under the last will of Lot C. Clark, deceased, and is brought to this court upon the certificate of the Auditor, in conformity with the provisions of section 97 of the Revenue law.

Said Clark died seized in fee of section 4, and also of the north-west quarter, and west half of the south-west quarter, of

section 9, all in township 26, range 6, in said county. Prior to May 1, 1888, appellant sold and conveyed to other parties all of said lands except the north-west quarter of section 4, and $84\frac{41}{100}$ acres in the south-west quarter of said section, and sold and contracted to convey the residue of said lands. In the several deeds and contracts for conveyance she expressly reserved the coal, and the right to mine the same, under the whole of said lands. In making the assessment for the year 1888, the assessor assessed the lands to the purchasers thereof, and also assessed to appellant the fee in the coal under said lands, placing the valuation of that under section 4 at $1000, and of that under the north-west quarter and west half of the south-west quarter of section 9 at $400. At the July meeting of the board of supervisors, appellant presented her petition, under oath, alleging that said assessment was unlawful, and objecting to the same. The grounds of her objections were as follows:

First, that there is no coal or other mine upon said premises so assessed; second, that there is no evidence that coal underlies said premises so assessed; third, that the whole of said premises have already been assessed by said assessor for the year 1888, regardless of any reservation, and at the same value that like land in the same neighborhood is assessed for said year 1888; fourth, that the supposed fee in coal so assessed is remote, invisible and intangible, and not a subject matter of taxation; fifth, that there is no law of this State authorizing the taxation of a fee in coal supposed to underlie a tract of land, when there is no coal or other mine opened on said land, and no evidence that coal exists thereunder; sixth, that there is no law of this State authorizing the taxation of a fee in coal underlying a tract of land, unless there is a coal or other mine upon it; and seventh, that there is no basis upon which said assessment could be properly made,— it was merely guess-work on the part of the assessor.

It was stated in her sworn petition, "that there is no coal or other mines open or in operation or upon said premises, or any part thereof, nor has she given the right to remove any coal, if any there be, to any other mine or person; that the coal, if any there may underlie said lands, belongs to the estate of Lot C. Clark." Said petition further stated that the assessor "has also assessed each and every parcel of the premises above mentioned, except the railroad right of way, regardless of any reservation of coal, minerals, gases or oils of any kind, and at the valuation as like lands in the same locality are assessed, as she is informed and believes." She also filed the affidavit of one Weaver, to the effect that there was no coal or other mine open or upon said lands.

The affidavit of Conn, the assessor, was filed in opposition, showing that he assessed the lands sold by appellant as trustee, lower than he would otherwise have done if said coal, etc., had not been reserved, "and that he assessed the fee of the coal so reserved at what he thought it should be assessed, so that the sum so assessed on the land to the owners that did not own the coal, and the coal so assessed, put together, would make the assessment of the coal and land at what other land of the same kind and worth would be assessed at." He also stated therein that "there is a coal mine on the land formerly comprising said estate, and that it was formerly worked and considerable coal taken out, and of a good quality, and he believed there was plenty of coal under said land accessible by said mine."

This appeal being taken under the third clause of section 97 of the Revenue act, the only question before us for decision is that of the liability to or exemption of the property in question from taxation. In respect of the questions of the correctness or regularity of the assessment we have no concern.

Section 1 of article 9 of the constitution of 1870 enacts, that "the General Assembly shall provide such revenue as may be needful, by levying a tax by valuation, so that every person

or corporation shall pay a tax in proportion to his, her or its property." We think it clear that the mining right, and right to the coal and minerals reserved in the deeds and contracts, must be regarded as property, within the meaning of the foregoing provision. Such mining rights are recognized as property by section 7, chapter 94, of the Revised Statutes, which declares, that "when the owner of any land shall convey, by deed or lease, any mining right therein, such conveyance shall be considered as so separating such right from the land that the same shall be taxed separately, and any sale of the land for any tax or assessment shall not include or affect such mining right." By the 6th section of the same act such mining rights may be conveyed by deed or lease, etc., with like effect as deeds and leases of real estate. It follows as a corollary from this statute, that when the grant is of the land, with a reservation of the mining right to the grantor, there is a like separation of the rights of the property as between the land and mines or mining rights, and each must be separately listed for taxation.

It is, however, said, that the question is not as to the right to assess and tax coal in land which is reserved and held separate from the fee of the surface, but the question is as to the existence of the coal assessed, and it is urged that there is no coal mine open or in operation upon said land, and no evidence that coal exists thereunder, and therefore the assessor was not authorized to make the assessment. It is alleged in the petition, and is otherwise manifest, that whatever there was of coal or minerals underlying said land was reserved, and continued to be the property of appellant, with the right to mine the same. It can not be material, here, whether this right was of great or little value. If it was property, it was the duty of the assessor to return an assessment thereof. If valued too high, another mode is pointed out for redress, to which appellant might have resorted. The ownership of the coal was severed from the ownership of the soil, and the fee

of the coal was property, and, as such, was liable for its just portion of taxation.

It is a sufficient answer to the contention that the assessment was invalid because the fee to the coal on section 4 was assessed as a single tract at $1000, and the fee to that on section 9 (also as a single tract) at $400, instead of assessing the same in separate lots or tracts, according to the manner in which the lands had been sold, that that question is not presented to us upon this appeal. That contention relates to the regularity of the assessment, which can not be questioned in this proceeding. It should, however, be remarked, that we do not intend by what has been said, to imply that the assessment would be held void, in a proper proceeding, for that reason. It is also to be observed, that here the ownership of the mining right upon or under all the lands was in the same person, in the same right, and the assessment was made of all contiguous and adjoining rights as a single tract. In the cases to which our attention has been called by counsel,— *Howe* v. *People*, 86 Ill. 289, *Lyman* v. *People*, 2 Ill. App. 289, and *Hamilton* v. *City of Fond du Lac*, 25 Wis. 490,—there was a single assessment of tracts belonging to two or more persons, and the assessment was held to be void for that reason. But no such question is presented by this record. Here, as before shown, the property assessed belonged in its entirety to appellant, and in the same right.

The order of the board of supervisors holding that the property of appellant was liable to assessment and taxation, is affirmed.

*Order affirmed.*