## SHOLL BROS.

*v.*

### THE PEOPLE *ex rel.* G. W. Cress, County Collector.

*Opinion filed December 18, 1901.*

1. Taxes—*"mining right" subject to taxation.* Under sections 6 and 7 of the Mines act, if the "mining right" has been severed from the surface the two estates should be assessed separately for taxation.

2. Same—*when assessment indicates a severance of mining right from surface.* The assessment of land, by its governmental description, in the name of one person as owner and of a "mining right" in the same tract in the name of another person as owner, is susceptible of no other construction than that a severance of the surface and minerals has been effected.

3. Same—*what does not acquit party of obligation to pay taxes.* The introduction in evidence of the tax collector's books showing the payment of taxes on land by the owner thereof does not avail to acquit the owner of the "mining right" in the same land of his obligation to pay taxes on such "mining right."

4. Same—*certainty required in description of lands in delinquent list.* The description of lands in a delinquent list is sufficiently certain if a competent surveyor could readily locate the land therefrom.

Appeal from the County Court of Tazewell county; the Hon. George C. Rider, Judge, presiding.

Arthur Keithley, for appellants.

G. W. Cunningham, State's Attorney, (William A. Potts, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

At the June term, 1901, of the county court of Taze-well county, there was pending the application of the appellee treasurer and *ex officio* collector of said county for judgment and order of sale of the lands and lots de-linquent for taxes levied for the year 1900. Certain of the tracts contained in said application were described as follows:

*"Town 25, North, Range 4, West, 3d P.M., Tazewell Co.*

| Name. | Description. | Sec. | Acres. | Tax. |
|---|---|---|---|---|
| Sholl Bros. | Lot 3, nw ¼ w ½ lot 2, min-ing right reservation. | 4 | 40 | $15.88 |
| Sholl Bros. | Mining right reservation, e ½ lot 3, ne ¼ | 5 | | 5.30 |

*"Town 26, North, Range 4, West, 3d P. M.*

| Name. | Description. | Sec. | Acres. | Tax. |
|---|---|---|---|---|
| Sholl Bros. | Mining reservation, pt se ¼, s of T. P. & W. R. R. | 33 | | $13.77 |

To the entry of judgment and order of sale against the property so described in the application the appel-lants filed the following objections: First, that each one of the said tracts of land is so imperfectly described as to make said advertisement void and not to give this court jurisdiction to enter judgment herein; second, that the taxes have been paid upon each and all of the prop-erty above described; third, that said taxes, and each and all of them, are illegal and void; fourth, that none of the said property is subject to taxation; fifth, that the mining reservation above mentioned is not the subject of taxation, and is not sufficiently described to vest the court with jurisdiction.

The objectors introduced the tax collector's books for the year 1900, and the bill of exceptions recites it was agreed the description of certain tracts of lands set forth in the said tax collector's books against which taxes were extended for the year 1900, and were shown by said books to have been paid by other parties than the objectors, were the same as the description of the

tracts of lands in the application of the county collector in which the "mining right reservations" sought to be taxed were located. There was no further proof. The court rendered judgment as asked by the county collector, and the objectors have perfected this appeal.

The fact tracts of land are taxed to one person and "mining rights" in the same tracts taxed to another does not show that a double tax is imposed on the same property, but that two interests exist in the tracts, viz., an estate in the minerals beneath the surface and another estate in the surface. The position is not tenable that a "mining right" is a mere easement in realty, and therefore not the subject of taxation. An estate in fee in the mineral or ores beneath the surface of a tract of land may be vested in one person and an estate in fee in the surface in another. (*In re Major*, 134 Ill. 19; *Ames* v. *Ames*, 160 id. 599; *Catlin Coal Co.* v. *Lloyd*, 176 id. 275.) Our statute expressly provides for the creation of an estate in the mineral beneath the surface of land, and declares the interest therein to be taxable property. Sections 6 and 7 of chapter 94, entitled "Mines," (Starr & Cur. Stat. 1896,) are as follows:

"Sec. 6. Any mining right, or the right to dig for or obtain iron, lead, copper, coal, or other mineral from land, may be conveyed by deed or lease, which may be acknowledged and recorded in the same manner and with like effect as deeds and leases of real estate.

"Sec. 7. When the owner of any land shall convey, by deed or lease, any mining right therein, such conveyance shall be considered as so separating such right from the land that the same shall be taxable separately, and any sale of the land for any tax or assessment shall not include or affect such mining right."

The severance of the mineral from the remainder of the land may be accomplished not only by a conveyance of the mineral by the owner of the fee, but as well by a conveyance of the estate in the surface with a reser-

vation to the grantor of the estate in the mineral or ore beneath the surface. (*In re Major, supra.*) When such a severance has been effected the two estates in the land should be assessed separately for taxation. The collector's books and the collector's delinquent list in the case at bar indicate that the two separate estates exist in the tracts of land described in the application of the collector for judgment and order of sale.

The assessment of a tract of land, by its governmental description, in the name of one as owner, and of a "mining right" in the same tract in the name of another person as owner, is susceptible of no other conclusion than that in such tract a severance of the mineral from the remainder of the land has been effected. The mere exhibition of the tax collector's books showing payment of the taxes assessed upon the tracts by the owner thereof did not avail to acquit the appellants of their duty and obligation to pay the taxes on the "mining right" owned by them in the same tracts. The estate in the minerals is denominated a "mining right" in sections 6 and 7 of said chapter of the statute entitled "Mines," before referred to, and if the estate has been created by the reservation in a deed conveying the land to another, of the right to retain and take the mineral, it would not be inappropriately called a "mining right reservation." If the interest of the objectors was not that of a "mining right" but a mere easement, it was in their power to prove such to be the state of the case, and the burden rested upon them to do so.

The collector's delinquent list, duly verified by his oath, constituted a *prima facie* case entitling him to a judgment, in the absence of proof showing the tax to be illegal or unjust, as we have before frequently held.

Though it was objected that the description of each of the tracts of land in which the "mining right" is located, as given in the delinquent list and application of the collector, is so defective that no valid judgment could be

rendered against it, counsel for appellants in their briefs urge objections to the description of the tract in section 33 only. As to that tract it is said the description is of a part of the south-east quarter of section 33 lying south of the Toledo, Peoria and Western railroad, but not specifying what part of that part which is so situate south of the line of said railroad. We do not think the description is of an undefined part of part of a tract lying south of the railroad, but is of all that part of the south-east quarter of section 33 which lies south of said railroad.

The abreviations, letters, figures and characters used in describing the lands are well understood and do not vitiate the descriptions. (*Blakeley* v. *Bestor*, 13 Ill. 708; *McChesney* v. *City of Chicago*, 173 id. 75; Hurd's Stat. 1899, chap. 120, sec. 184.) A competent surveyor can locate the lands from these descriptions, and greater certainty of description is not required. *Buck* v. *People*, 78 Ill. 560.

The judgment is affirmed.          *Judgment affirmed.*