# CHARLESTON.

## McGRAW v. LAKIN.

### Decided April 26, 1910.

1. TAXATION—*Assessment List—Tax Deed—Validity.*
   In an assessment and sale list for taxes in the surnames of two joint owners, as "Cofran & McGraw", the mere omission of their christian names does not render a deed under a tax sale void.

2. SAME—*Assessment—Certain in Description.*
   In case of separate ownership of minerals an assessment and sale for taxes of "Mineral Rights" in a tract of land is a sufficient description of the ownership of the property in such

minerals and such description does not render a tax deed void because of uncertainty in description.

3. SAME—*Mineral Rights—Payment of Taxes by Surface Owner.*

Payment of taxes on a tract of land by the surface owner is not payment of taxes on minerals in it owned by another person and separately assessed with taxes in the name of the owner of the minerals.

Appeal from Circuit Court, Preston County.

Bill by John T. McGraw against James S. Lakin and others. Decree for defendants, and plaintiff appeals.

*Affirmed.*

*Mollohan, McClintic & Mathews* and *Linn & Byrne,* for appellant.

*William G. Conley* and *P. J. Crogan,* for appellees.

BRANNON, JUDGE:

John T. McGraw brought a chancery suit in the circuit court of Preston county against James S. Lakin and others to set aside a tax deed for minerals in two tracts of land adjoining, making up a solid tract of three hundred acres. The circuit court dismissed McGraw's suit without relief, and McGraw appeals.

There was a demurrer to the bill and amended bill. We consider the bill defective. The original bill, which, in this respect, is not helped by the amended bill, is very general. It simply charges, in general words, that the clerk of the county court without any legal authority made a conveyance, and that the assessment was illegal, null and void; but wherein the bill does not tell us. There is no specification of defect, as there must be. *Gerke Brewing Co.* v. *St. Clair,* 46 W. Va. 93. The bill does say that the clerk conveyed more than the tax sale authorized, precisely wherein it does not say. I think the bills insufficient, and that the demurrer was well taken because of their uncertainty and indefiniteness. But let us waive the demurrer and come to the merits. The claim is, as argued here, that the assessment was too general and indefinite. No exhibit of that assessment is made; but if we assume from the list of sales that the assessment was the same, what do we find? We find a charge for the years of 1895 and 1896 in the names of

"Cofran & McGraw", a charge of real estate in quantity three hundred acres in fee in Reno District, and the subject charged "Mineral Right". As to the name of the party charged I will say that the record discloses that John T. McGraw and Leroy Cofran became owners of the minerals in said tract of land. The entry on the tax list in the names of Cofran and McGraw is not misleading, and it signifies to the common understanding, and certainly to both McGraw and Cofran, that they were charged with taxes. It did not mislead them. In prior years it had been so taxed, and they knew it, because they paid taxes under such charge. Our statute says that an irregularity, such as will impair a tax sale, must be such as to mislead the tax payer. There is no evidence that this irregularity, if we call it even an irregularity, is such as did in fact mislead the owners. It would be very technical to sustain this failure to give the christian names as a fatal defect. The surname is the substance. The christian name minor or subordinate. A part of the name, the surname, if correct, is sufficient without the christian name. Shall the name of each of a dozen owners be given, or a hundred, if there be so many? Shall a host of heirs be each one named in the narrow compass of an assessment list? I think not. It is enough if the name be plainly significant of the owners, so as not to mislead. But in truth the bills do not exhibit an assessment list or even a list of the sale. A sale list is printed in the record, but not made an exhibit. But the main complaint seems to be based on the theory that the assessment in the words "Mineral Right" is uncertain and indefinite. Now, what do those words import to the common understanding? I answer, that they signify title or right to all that is mineral in the land. What otherwise should the entry say? Should it be minerals? What would that indicate except right and title to the minerals? I do not see how it could be plainer or more definite. "A 'mining right' is a right to enter upon and occupy the ground for the purpose of working it, either by underground excavation or open working, to obtain from it the minerals or ores which may be deposited thereunder. By implication the grant of such a right carries with it whatever is incident to it and necessary to its beneficial enjoyment." *Clark* v. *Duval,* 15 Cal. 86; *Smith* v. *Cooley,* 65 *Id.* 46, 47; *Sholl Bros.* v. *The People,*

194 Ill. 24. "So these incorporeal rights to mine are sometimes described merely as mining rights, though that term may include licenses *and the rights of the owner of the minerals".* Barringer and Adams, Mines and Minings, page 54. "The rule is laid down broadly that a reservation of minerals or mining rights is to be construed as a grant, and this may be taken to apply equally to an exception". Same, page 83. So we regard this assessment of "Mining Right" specifying the tract, the district of its location and the names of the owners sufficient.

As to the claim that the clerk conveyed more than the sale authorized. The argument is that the assessment and sale of "Mineral Rights" could not warrant the clerk to convey to the tax purchaser all the minerals in the land, or the absolute title to any such minerals. The very authority cited for this proposition contradicts it. One authority is *Gibson* v. *Tyson,* 5 Watts 37. It says: "'Minerals' means all ores and other metallic substances which are found beneath the surface of the earth, and all substances which are the object of mining operations". Another is *Smith* v. *Cooley,* 65 Cal. 46. Another is *L. & N. R. Co.* v. *Massey,* 96 Amer. St. R. 17, saying that: "Mining rights must include incorporeal *hereditaments* lying in grant, but not in seizin; such as rights of way over the surface, the right to dig and drive slopes and entries, and the like rights of an intangible nature, incapable of being delivered by the sheriff, or of possession by the owner". That authority does not say that "Mining Rights" does not include the minerals themselves. On the contrary, it means that "Mining Rights" include not only the minerals, but right of way and other uses of the surface necessary for the enjoyment of title to the minerals. Now, the deed in this case recites the purchase by Lakin, Coogle and Pickenpaugh "of the mineral under" the tract specifically described in the deed, and then says: "The mineral only under said tract is hereby intended to be conveyed". That conveyed all the mineral, and the assessment and sale of the "Mineral Rights" would be as broad as the deed. The deed did not convey more than the sale authorized. If the sale list were exhibited with the bills it would correspond with the deed. We have considered the case on its merits, though the bill does not warrant it. The argument that we must presume that the surface owner paid the tax on the land, and that this would pay the tax on the

mineral, will not hold, because that is the case where there has been no separation of minerals from the body of the land. In this case is a separate assessment and sale of minerals. And there had been such separate assessment for prior years. We have struggled to decide the case otherwise, so as to prevent the loss to McGraw of valuable property for the failure to pay a pittance of a few dollars to the State; but we find ourselves unable to decide in McGraw's favor and therefore we affirm the decree.

*Affirmed.*