THE CITY OF JACKSONVILLE *et al.*

*v.*

H. M. HAMILL *et al.*

*Opinion filed February 17, 1899.*

1. PUBLIC IMPROVEMENTS—*commissioner's apportionment of public and private cost is final.* The apportionment of the cost of an improvement between the city and private owners by the commissioner appointed and acting under sections 38 and 39 of the Local Improvement act (Laws of 1897, pp. 114, 115,) is final, and the court has no power, at any subsequent stage of the proceedings, to increase the cost to be borne by the city.

2. SAME—*section 50 of Local Improvement act, relating to deficiency, construed.* Under section 50 of the Local Improvement act, (Laws of 1897, p. 120,) where a jury has reduced the assessment against objectors the court should hear evidence as to whether a deficiency exists, and if it appears that after deducting the jury's reduction the assessment is sufficient to complete the improvement there is no deficiency within the meaning of the statute, and the assessment roll, as modified by the reduction, should be confirmed.

3. SAME—*mere reduction of assessment by jury does not show deficiency.* The mere reduction of an assessment by the jury does not establish a deficiency, and the court has no power to distribute the amount of such reduction as a deficiency without further proof.

APPEAL from the County Court of Morgan county; the Hon. CHARLES A. BARNES, Judge, presiding.

This was a proceeding in the county court of Morgan county, under the provisions of the act of the legislature, entitled "An act concerning local improvements," approved June 14, 1897, in force July 1, 1897, for the construction of a brick street pavement on South Diamond street, in the city of Jacksonville, by special taxation of contiguous property, except as to· intersections of cross-streets and alleys, the expense of the paving as to cross-streets and alleys to be paid for by general taxation.

On March 17, 1898, a petition was presented to the board of local improvements of said city, signed by the owners of a majority of the real estate or property abutting upon said street proposed to be improved. The board

of local improvements, after giving notice of the time and place for hearing, caused to be prepared and presented to the city council, at its regular meeting on August 4, 1898, its recommendation of the construction of said improvement, together with the estimate of cost of the improvement as prepared by the engineer of the city, and also an ordinance providing for the construction of the improvement. The estimate of cost was approved and the recommendation concurred in, and the ordinance was duly passed by the council. On August 15, 1898, the city attorney, as directed by the ordinance, filed a petition in the county court of said county asking for the confirmation of a special tax for the construction of the improvement, as provided by law. A commissioner was appointed for the purpose of preparing a special tax roll, as provided by law, and, the necessary steps having been taken, the assessment roll was returned into court on the 17th day of August, and notices of time and place of application for confirmation of the assessment roll were given, as provided by law.

Objections were filed to the confirmation of the assessment roll as returned by the commissioner by H. M. Hamill, Martha Tapp, Mary Fitzgerald, Thomas White, Jeanette Watkinson, (widow and heir-at-law of Isaac Watkinson, deceased,) Libby Hatfield, Mrs. L. B. Mack, Richard T. Mathews, John W. Muse, George Washington, Margaret Kennedy, Pat Duffy, Thomas White, Ruby White, Albert White, Frances Rightmeier, (heirs-at-law of John C. White, deceased,) Thomas Harrison and William S. Wyatt. These objectors filed seven objections. The fifth was, that the property of the objectors is not benefited to the amount of their respective assessments as returned by the commissioner. The sixth was, because the property of each objector is assessed more than its proportionate share of the cost of said improvement.

Objections 1, 2, 3, 4 and 7 were overruled, and a jury was called to try the issue raised by the fifth and sixth

objections.  By the verdict of the jury there was a re-
duction of $2991.78, in the aggregate, from the amount
of the assessment as returned by the commissioner, and
the objectors moved the court to distribute said amount
of reduction upon the other property.  The petitioner, the
city of Jacksonville, filed an objection in writing, sup-
ported by affidavit of C. W. Brown, to the distribution of
said reduction, on the ground there was not a deficiency
remaining in the amount assessed with which to construct
the proposed improvement, and objected to placing any
of such amount upon the city as public benefits, because
the distribution made by the commissioner between the
public and private property was final.  Isaac L. Morrison,
one of the defendants below and one of the appellants
here, objected to the placing of any of said reduction
upon his property because there was no evidence that his
property would be specially benefited to the additional
amount, and because the notices required by law in such
cases had not been given.  The court overruled the objec-
tions of the city of Jacksonville and also the objections
of Isaac L. Morrison, and placed one-half of the amount
of the reduction caused by the jury trial upon the city of
Jacksonville as public benefits, and the other one-half
upon the property between Grove and Edgmon streets,
except the property objected for, in proportion to the
assessment made by the commissioner.  From this ruling
of the court the city of Jacksonville and the said Isaac
L. Morrison appeal.

J. J. Reeve, and Morrison & Worthington, for ap-
pellants.

Edw. P. Kirby, and H. G. Whitlock, for appellees.

Mr. Justice Craig delivered the opinion of the court:

The first question presented for consideration by the
record is whether the court was authorized to require the
city of Jacksonville to pay any part of the deficiency

resulting from the verdict of the jury. Section 38 of the act under which the proceeding was had provides for the appointment of a suitable person by the court to make an assessment of the cost of the improvement upon the petitioner and the property benefited. Section 39 provides that such officer shall estimate what proportion of the total cost of such improvement will be of benefit to the public and what proportion will be of benefit to the property to be benefited, and to apportion the same between the city, village or town and such property, so that each will bear its relative equitable proportion. This section of the statute is a substantial copy of paragraph 139 of chapter 24 of the Revised Statutes, and under that paragraph of the statute we held in a number of cases that the action of the commissioner was conclusive in so far as it fixed the relative amount of the cost of the improvement that is to be respectively borne by the municipality and the owners of the property benefited. (*City of Sterling* v. *Galt*, 117 Ill. 11; *Billings* v. *City of Chicago*, 167 id. 337.) Here the person appointed by the court to make the apportionment, apportioned to the city of Jacksonville, as the amount to be borne by it, the sum of $2956.83, and the amount to be assessed upon the property benefited the sum of $29,904.64. The amount that the city of Jacksonville should pay having been fixed and determined in the mode provided by law, the action of the commissioner in fixing the amount was final and conclusive, and the court had no power, at any subsequent stage of the proceedings, to increase the amount it was required to pay. As has been seen, by the verdict of the jury there was a reduction of $2991.78 from the amount of the assessment as returned by the commissioner, and thereupon the objectors moved the court to distribute the amount upon the other property. This motion was resisted, but the court, without hearing any evidence on the motion, allowed it, and placed one-half of the amount of the reduction on the city as public benefits and the other

half upon the property between Grove and Edgmon streets, except the property objected for.

Section 50 of the act provides: "Wherever, on a hearing, * * * the amount of any assessment shall be reduced or canceled, so that there shall be a deficiency in the total amount remaining assessed in the proceeding, the court shall have the power, in the same proceeding, to distribute such deficiency upon the other property in the district assessed, in such manner as the court shall find to be just and equitable, not exceeding, however, the amount it will be benefited by said improvement. In case any portion of such deficiency be charged against such property not represented in court, a new notice, of the same nature as the original notice, shall be given in like manner as the original notice, to show the cause why the said assessment, as thus increased, should not be confirmed, and the owners of or parties interested in such property shall have the right to object in the same form and with the same effect as in case of the original assessment."

Where a verdict has been returned, as was the case here, in which the amount of the assessment has been reduced, the first question to be determined by the court is whether there is a deficiency in the amount required to construct the improvement, and upon this question the court may hear competent evidence, and if it appears, from the evidence, there will be enough left to complete the improvement after deducting the amount of the reduction made by the jury, there is no deficiency within the meaning of the statute, and no distribution should be made of any supposed deficiency, either upon the municipality or any property owner. We think a fair construction of the language of the statute is, that there must be a deficiency in the amount of the assessment with which the improvement is to be constructed, after deducting therefrom the amount of the reduction made by the jury. The mere fact that the jury has reduced the assessment

on certain property is not enough to establish a deficiency. Before the court should proceed to make a distribution of a supposed deficiency it should appear from the evidence that there was not a sufficient amount of the assessment left to complete the improvement. Here no such proof was made by the objectors who entered the motion, but, on the other hand, the city, in opposition to the motion of the objectors, filed the affidavit of the civil engineer of the city of Jacksonville tending to prove that there was no deficiency,—that there was more money still remaining assessed than was necessary to construct the improvement. If such was the case, as the evidence tended to prove, the court had no authority to enter the order requiring the city to pay one-half of the reduction caused by the jury trial, and the property between Grove and Edgmon streets, except the property objected for, to pay the other half. Indeed, the court had no authority to enter the order unless the evidence before the court established the fact that there was a deficiency.

It is also claimed in the argument that the court erred in placing a deficiency against the property not objected for without giving notice to these property owners, and also in failing to place the deficiency upon all property along the line of the improvement. It will not be necessary to pass upon these questions in this case. There was here no deficiency, and the determination of that question necessarily settles the entire controversy.

The assessment roll as returned by the commissioners should have been confirmed, except where it was reduced by the verdict of the jury on property of certain objectors, and in those cases the assessment roll should have been modified to conform to the verdict of the jury, and the entire assessment roll as thus modified should have been confirmed.

The judgment will be reversed and the cause remanded, with directions to enter a judgment of confirmation as herein indicated.    *Reversed and remanded.*