W. L. DeWolf *et al.*

*v.*

The City of Chicago.

*Opinion filed June 21, 1900—Rehearing denied October 4, 1900.*

Appeals and errors—*what not basis for assignment of error.* What was said by the judge by way of giving a reason for his decision furnishes no basis for an assignment of error.

Appeal from the County Court of Cook county; the Hon. O. H. Gilmore, Judge, presiding.

Mason & Noyes, (F. S. Lenert, of counsel,) for appellants.

Charles M. Walker, Corporation Counsel, and Armand F. Teefy, for appellee.

Per Curiam: This is an appeal from the county court of Cook county to reverse a judgment confirming a special assessment for the improvement of West VanBuren street, Chicago. Several objections were filed by appellants to the confirmation of the assessment, the chief question thus raised being "whether or not the assessment as made and returned is an equitable and just distribution of the cost of said improvement" between the public and the property to be assessed. Upon the trial the verdict of the jury on all issues of fact submitted to it was rendered against the objectors, all legal objections were by the court overruled, and judgment of confirmation was thereupon entered.

Upon this appeal it is said that during the trial, when the objection was made as to the correctness of the apportionment of costs between the public and property owners, this objection was overruled by the court upon the ground, as stated by the judge, that that question was not, under the decision of this court in the case of

*City of Jacksonville* v. *Hamill,* 178 Ill. 235, open to review by the county court. Counsel for appellants say that the court made the following statement with reference to this objection: "On the question of the cost of the improvement, divided between the property owners and the city, I think we will have to hold to the same conclusion we reached in the other cases. I don't know that any one is going to make a test case, but if they desire to do so on this question, make your proof, so that the Supreme Court will understand that the ruling is purely and solely in overruling the legal objections made on the decision in 178 Ill., where the court says that this court has no right to interfere. I think they overlooked the section of the statute on that question. If you want to protect your interests I shall be glad to let you do it. Present your evidence in as concrete a shape as possible, have it overruled, and let the record show it was overruled purely on the decision in 178 Ill."

The question which appellants seek to raise on this appeal is not raised on the record at all, by their own showing. Evidence was introduced and heard by the court, without objection or exception, on the question whether the cost of the improvement had been properly apportioned. The court overruled all objections. What was stated by the judge by way of giving a reason for his decision furnishes no basis for an assignment of error. Counsel failed to follow the direction of the court to present their evidence, "have it overruled, and let the record show it was overruled purely upon the decision in 178 Ill." The abstract of the record wholly fails to show that the judgment of confirmation was based upon any construction of the decision in 178 Ill., or that the error insisted upon here was properly preserved in the record.

The judgment of confirmation will be affirmed.

*Judgment affirmed.*