THE CITY OF CASEY, Appellee, *vs.* THE CINCINNATI, HAMILTON AND DAYTON RAILWAY COMPANY, Appellant.

*Opinion filed April 23, 1914.*

1. SPECIAL ASSESSMENTS—*no presumption can be indulged in support of jurisdiction of the court.* As the levying of a special assessment under the Local Improvement act is purely statutory, jurisdiction can be acquired only .in strict conformity with the statute, and such. jurisdiction must appear upon the face of the record, as no presumption will be indulged in its support.

2. SAME—*jurisdiction of a particular assessment case depends upon a proper petition.* The county court has jurisdiction over the general subject of special assessments, but it can acquire jurisdiction of a particular assessment case only by the filing of a petition by the officer specified in the ordinance, in the name of the municipality, praying that steps may be taken to levy a special assessment for the improvement.

3. SAME—*the petition must be filed by some officer of the city.* Under the Local Improvement act every petition for the levy of a special assessment for the making of a local improvement, whether private property is required to be taken for .the improvement or not, must be filed by some officer of the city designated in the ordinance or by resolution.

4. SAME—*petition filed by private person is unauthorized.* A petition for a special assessment filed by a private person is unauthorized and confers no jurisdiction upon the court, even though

such person is designated by name in the ordinance as the person to file the petition, where there is nothing whatever to show that such person is an officer of the municipality.

5. SAME—*extent to which judgments refusing order of sale for assessment are conclusive.* Judgments refusing applications for judgment and order of sale for the successive installments of a special assessment are conclusive that the property is not liable to assessment under that ordinance, but they have no force as to a new assessment under a new ordinance passed under section 60 of the Local Improvement act.

6. SAME—*objection that petition was not presented by officer of the municipality cannot be waived.* An objection that the petition for the levy of a special assessment was not presented by an officer of the municipality goes to the jurisdiction of the court over the subject matter and is not waived by filing other objections.

7. SAME—*when description of land is not vague and uncertain.* The description of land specially assessed is not vague and uncertain if the land may be located from the description given and the plat of the territory offered in evidence.

CRAIG, J., dissenting.

APPEAL from the County Court of Clark county; the Hon. H. R. SNAVELY, Judge, presiding.

S. M. SCHOLFIELD, and DAVISON & BARTLETT, for appellant.

WILBER H. HICKMAN, and EVERETT CONNELLY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a judgment of the county court of Clark county confirming a special assessment.

On April 16, 1908, the city council of the city of Casey passed an ordinance for the paving of Jasper avenue, and a judgment of confirmation of a special assessment therefor was rendered on June 9, 1908. At the June terms, 1909, 1910, 1911 and 1912, applications were made to the county court for judgment against the land involved here for alleged delinquent installments of this assessment, and,

on objections made, were refused each time. In the meantime the improvement had been completed and accepted, and on May 5, 1913, the city council passed another ordinance reciting the foregoing facts and that the tract of land here involved was delinquent to the total amount assessed against it and levying a special assessment against said tract to the amount of $1620.11. Thereupon a petition was filed for the levy of such special assessment upon the said tract, and over the objections of the appellant a judgment of confirmation was entered.

It is first objected by the appellant that the county court had no jurisdiction of the proceeding because the ordinance did not designate some officer to file a petition for the levy of the assessment, as required by section 13 of the Local Improvement act. Section 5 of the ordinance provided that "Wilber H. Hickman is hereby authorized to follow the proper legal proceedings in the name of the city of Casey, Illinois, if any further proceedings are required, for the collection of the amounts herein stated, according to the provisions of the ordinance and as by the statute in such cases made and provided." Section 13 of the Local Improvement act directs that whenever an ordinance shall be passed for the making of a local improvement to be paid for wholly or in part by special assessment or special taxation, the making of which will require private property to be taken or damaged for public use, the city or village shall, either in such ordinance or by subsequent order, designate some officer to file a petition in some court of record praying that steps may be taken to ascertain the just compensation to be made for private property to be taken or damaged and to ascertain what property will be benefited by the improvement and the amount of such benefit. The making of the improvement in question did not require that private property should be taken or damaged, and therefore this section, by its terms, did not apply to the ordinance. Section 36 provides that when the ordinance under which a

local improvement is ordered to be made, containing no provision for the condemnation of private property therefor, shall provide that such improvement shall be wholly or in part paid for by special assessment, the proceedings for the making of such assessment shall be in accordance with the following provisions of the act.   Section 37 provides that upon the passage of any ordinance for a local improvement pursuant thereto, it shall be the duty of the officer specified therein to file a petition in some court of record in said county, in the name of such municipality, praying that steps be taken to levy a special assessment for the said improvement in accordance with the provisions of the said ordinance.

It was plainly the intention of the legislature that every petition for the levy of a special assessment for the making of a local improvement, whether private property was required to be taken for such improvement or not, should be filed by some officer of the city designated in the ordinance or by resolution.   The legislature has seen fit to make this requirement an integral part of the Local Improvement act, and a petition filed by a person other than the officer designated in the ordinance or by a resolution of the council is insufficient to give the court jurisdiction.   The filing of a proper petition of itself authorizes the superintendent of special assessments in cities where such officer is provided for by law, otherwise some competent person appointed by the president of the board of local improvements, to make the assessment.   If it is unauthorized it confers no jurisdiction.   The levying of a special assessment under the Local Improvement act is purely statutory.   Jurisdiction can be acquired only in strict conformity with the statute, and this must appear upon the face of the record, for no presumption will be indulged in support of the jurisdiction. (*City of Chicago* v. *Stein*, 252 Ill. 409.)   The petition in this case shows only that the petitioner is the city of Casey. It is signed, "City of Casey, Illinois, by Wilber H. Hickman,

Attorney." Hickman is not stated to be city attorney or any other officer of the city, but it is said in argument that it is to be presumed he is an officer of the city. As has been said, however, there is no presumption in favor of the jurisdiction of a court proceeding under a special statutory authority. The record must show its jurisdiction.

It is also argued that the objection was waived because other objections were filed at the same time and also after the objection to the jurisdiction was overruled. An objection to the jurisdiction of the subject matter cannot be waived. Such jurisdiction cannot be conferred by consent. It is true, the court has jurisdiction of the general subject matter of special assessments, but it can acquire jurisdiction of the particular case only in the manner prescribed by law, which is by the filing of a petition by the officer specified in the ordinance, in the name of the municipality, praying that steps may be taken to levy a special assessment for the improvement. *Sumner* v. *Village of Milford,* 214 Ill. 388.

It is argued by the appellant that the tract is discharged of all liability to assessment by reason of the refusal of judgment on the application of the county collector for the installments due in 1909, 1910, 1911, 1912. A large number of objections were made to these applications and the objections were sustained. It is insisted by the appellant that this is conclusive evidence that the tract in question was not delinquent and therefore cannot be again assessed. Section 60 of the Local Improvement act provides that "if from any cause any city, village or town shall fail to collect the whole or any portion of any special assessment or special tax which may be levied, which shall not be canceled or set aside by the order of any court, for any public improvement authorized to be made and paid for by a special assessment or a special tax, the city council or board of trustees may, at any time within five years after the confirmation of the original assessment, direct a new assessment

to be made upon the delinquent property for the amount of such deficiency and interest thereon from the date of such original assessment, which assessment shall be made, as nearly as may be, in the same manner as is herein prescribed for the first assessment." The judgments of 1909, 1910, 1911 and 1912 are conclusive evidence that the tract in question was not subject to the assessment under the first ordinance. This is a new proceeding entirely independent of that and cannot be affected by it. Whether that proceeding was valid or not is immaterial. The very object of this proceeding is to cure defects in the first assessment. (*City of Chicago* v. *Ward,* 36 Ill. 9.) Property may be delinquent, within the meaning of section 60, if a special assessment has not been paid although it may be adjudged not bound by the particular proceedings by which the assessment was made.

It is insisted that the description is so vague and uncertain that the tract cannot be located. The description is, "264 feet of block 28 abutting on South Jasper avenue in the clerk's subdivision of the east half of section 19, town 10, north, range 14, west, in the city of Casey, Clark county, Illinois." A plat of the subdivision was offered in evidence. Jasper avenue runs north and south and block 28 is an irregular tract lying on the west side of the avenue, on which it fronts 264 feet. Its south boundary line is perpendicular to Jasper avenue and runs back to the railroad. Its north boundary line is also perpendicular to Jasper avenue, runs back some distance, then turns at right angles and runs north to the railroad, which forms the west boundary. The 264 feet of block 28 abutting on South Jasper avenue is the 264 feet abutting on the avenue and running back the full depth of the block. *Blakeley* v. *Bestor,* 13 Ill. 708.

For the error in the petition the judgment is reversed and the cause remanded.           *Reversed and remanded.*

Mr. JUSTICE CRAIG, dissenting.