(No. 20792.—

THE PEOPLE *ex rel.* Charles O. Campbell, County Collector, Appellee, *vs.* FRANK W. BLOCKLINGER *et al.* Appellants.

*Opinion filed June 18, 1931.*

MARSHALL & MARSHALL, for appellants.

BENJAMIN S. BELL, State's Attorney, (DAN H. Mc-NEAL, of counsel,) for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This is an appeal from the judgment and order of sale of the county court of Rock Island county for delinquent special assessments against the property of appellants, arising out of a proceeding for re-surfacing Twelfth street, in the city of Rock Island. Appellants appeared and filed objection to the judgment for the assessment on the ground that no valid order of the county court had been entered finding that the improvement had been completed in substantial compliance with the ordinance of the city of Rock Island directing such improvement, and that the assessments levied for the improvement did not become delinquent. To support this objection the following was shown:

Proceedings for re-surfacing Twelfth street were begun in the county court in 1925. The ordinance called for the application of a coat of asphaltic concrete over the existing brick pavement to a depth of two inches. The assessment roll was confirmed. The contract was let, and on July 15, 1926, the board of local improvements of the city of Rock Island filed in the county court a certificate, signed by two members thereof, stating that the work had been completed in substantial conformity with the requirements of the ordinance. A number of property owners, including appellants, filed objections to this certificate on the ground that the improvement did not conform substantially to the requirements of the ordinance in that the re-surfacing coat as laid was not of a uniform thickness of two inches. On October 1, 1927, the court entered an order finding that the work did not substantially comply with the requirements of the ordinance in that the re-surfacing coat was not two

inches in depth in ten of the twelve blocks of the improvement. The matter was remanded to the board of local improvements, with directions to secure completion of the improvement in substantial conformity with the ordinance. The contractor in the fall of 1927 placed an additional coat of asphalt on the top of that previously laid, and on December 5, 1927, the board of local improvements filed a supplemental petition in the county court certifying that in pursuance of the order of October 1, 1927, it had procured the completion of the improvement by requiring the contractor to add enough asphalt on the wearing surface of the pavement in the blocks specified in the court's order of October 1, 1927, to bring the wearing surface to a uniform depth of two inches, and certified that the depth of the asphalt on the whole of said improvement conformed to the requirements of the ordinance. It also gave in this certificate a statement of the cost of the improvement, and prayed that the court consider and determine the facts stated in the original and supplemental certificates filed in the cause. Objectors, including appellants, entered their special appearance for the purpose of raising the question of the jurisdiction of the court because of alleged insufficiency of the certificate, and moved the court to strike the supplemental petition or certificate from the files or to dismiss the same for want of jurisdiction of the court, for the reason that the original certificate filed by the board of local improvements on July 15, 1926, had certified that the improvement conformed substantially to the requirements of the ordinance for the construction of the work and that on hearing on that certificate the court found to the contrary, and that the allegations of the supplemental application or certificate of the board of local improvements filed December 5, 1927, contained no certificate that the improvement then conformed substantially to the requirements of the ordinance, and that until such certificate is filed the court has no jurisdiction to consider and pass upon the matters sought

to be adjudicated by such application or certificate. They also objected to the acceptance of the work by the court and to its approval of the certificate of costs filed, and prayed that the court find that the improvement does not conform substantially to the requirements of the original ordinance for various reasons set out in the objections. A hearing was had and the court found that all of the facts alleged in said supplemental certificate of the board of local improvements, except as to the statement of total cost of the improvement, were true, and that "said improvement now conforms substantially to the requirements of the original ordinance for the construction of the same," and ordered that the work be approved and accepted, and that the assessment roll, as reduced by the order allowing certain rebates, be finally confirmed as against the public and all lots, tracts and parcels of land assessed.

The objections raised by appellants in the proceeding under section 84 of the Local Improvement act concerning the completion and acceptance of the work are here urged against the application of the county collector for judgment for the first assessment for that improvement. Other objections are also filed, but the controlling question in the case is whether the county court had jurisdiction to enter an order of completion and acceptance. If it did not have such jurisdiction there was no final order of completion and acceptance and therefore the first assessment for the improvement was not, and did not become, delinquent.

This objection is based on the argument that the supplemental certificate or petition of the board of local improvements filed December 5, 1927, did not certify or set forth that the improvement conformed substantially to the requirements of the ordinance but certified merely that the depth of the asphalt, after additions had been made to the re-surfacing coat, conforms to the requirements of the original ordinance; that the board did not certify in its supplemental petition that it or the city had finally accepted the

improvement, and that therefore the county court acquired no jurisdiction to enter the final order of acceptance and confirmation, and the county collector is not, therefore, entitled to judgment. They say that as the original certificate of completion of the work filed by the board of local improvements was rejected by the county court with the finding that the wearing surface of the pavement in ten of the enumerated blocks of the improvement was not of a uniform depth of two inches, and that as the supplemental certificate did not certify whether the work as a whole conformed to the original ordinance but simply that there was then two inches of asphalt on the street, such certificate was not sufficient to give the county court jurisdiction, and therefore the order of acceptance by the county court is open to collateral attack.

Section 84 of the Local Improvement act requires, in all cases where an assessment is divided into installments, that the board of local improvements file in the court in which the improvement proceedings are pending, within thirty days after the completion of the work, a certificate stating whether the improvement conforms substantially to the requirements of the original ordinance and make application to the court to consider and determine whether the facts stated in the petition are true. This section also provides that the court shall proceed to hear such application and any objections that may be filed thereto; that on such hearing the certificate of the board of local improvements shall be *prima facie* evidence that the matters and things therein stated are true, but if any part thereof be controverted by objections duly filed, the court shall hear and determine the same in a summary manner and shall enter an order according to the facts. If the court shall find against the allegations of the petition it shall enter an order accordingly, and it shall be the duty of the board of local improvements to procure the completion of the work in substantial accordance with the ordinance, and "said board may from

time to time, file additional or supplemental applications or petitions in respect thereto, until the court shall be eventually satisfied that the allegations of such certificates or petitions are true, and that said improvement is constructed in substantial accordance with the said ordinance." Jurisdiction of the subject matter in cases of local improvement is to be found in and derived from the statute. Where the mode of acquiring jurisdiction is prescribed by statute, strict compliance therewith is essential or the proceeding will be a nullity. (*City of Casey* v. *Cincinnati, Hamilton and Dayton Railway Co.* 263 Ill. 352; *Sumner* v. *Village of Milford,* 214 id. 388.) Jurisdiction is the power to hear and determine the subject matter of the controversy between the parties to the suit. No question of the jurisdiction of the court in the original proceedings for the improvement is raised and no question is raised as to the jurisdiction of the court of the subject matter under the first certificate of completion and acceptance filed by the board of local improvements. The question is whether the second certificate, which fails to certify that the entire improvement is completed in accordance with the ordinance, is sufficient to give jurisdiction to the court to determine the matters involved therein.

It seems clear from the language of section 84 hereinabove quoted, that it was the contemplation of the legislature in adopting the act that it may be from time to time necessary to file supplemental applications or petitions in addition to the original certificate. This the court may, under that section, require until such a time as it shall be satisfied "that the allegations of such certificates or petitions are true." A rational construction of this language is that the court, before it shall enter an order accepting the work, shall consider not only the supplemental petitions or certificates filed by the board of local improvements but the original certificate. This being true, and jurisdiction being conferred by the original certificate of the board of local

improvements, the court did not lose jurisdiction of the subject matter by directing the board of local improvements to secure a substantial compliance with the ordinance. When a supplemental petition or certificate was made by the board of local improvements the court had before it the entire question, including the facts alleged in the original certificate. The court, in remanding the matter to the board of local improvements, found the deficiency in the construction of the work to be a lack of required depth of the resurfacing coat. The supplemental petition or certificate filed by the board of local improvements certifies that such objection had been met, and on a hearing on the whole matter the court found substantial compliance with the ordinance and accepted the work.

Appellants rely on *People* v. *Brewer,* 328 Ill. 472, as sustaining their contention that the county court in this case did not have jurisdiction to pass upon the completion and acceptance of the work. In that case the certificate of completion and acceptance was filed by the city council and it was held that such a certificate did not confer jurisdiction on the court, since under the statute the only agency authorized to file such a certificate is the board of local improvements. That case is not similar on the facts. Under section 84 of the Local Improvement act the judgment and order of the county court on such a hearing is not subject to review on appeal. We are of the opinion that the county court had jurisdiction of the subject matter, and that therefore its decision cannot be attacked in this collateral proceeding.

The judgment of the county court is therefore affirmed.

*Judgment affirmed.*