(No. 21785.—

R. C. WOODWARD *et al.* Appellees, *vs.* HENRY F. RUEL, County Judge, *et al.* Appellants.

*Opinion filed December 22, 1933—Rehearing denied Feb. 13, 1934.*

164

STONE, J., dissenting.

JOSEPH D. CARR, C. B. HUGHES, and H. L. RICHOLSON, for appellants.

HIBBS & POOL, WILLIAM ZWANZIG, and BUTTERS & BUTTERS, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

R. C. Woodward, Walter Wolfe, J. L. Sharp and Emery Anderson filed a bill in the circuit court of LaSalle county against the city of Ottawa, the mayor, the commissioners, the clerk and the treasurer of that city, the judge of the county court of LaSalle county, and the contractor for the improvement of portions of Joliet and other streets in the city of Ottawa. The relief sought was the vacation of an order entered by the county court approving and confirming the certificate of the completion and acceptance of the improvement, and an order restraining the return as deliquent of parcels of real property assessed therefor, and enjoining the payment of money or the issuance of bonds or vouchers for or on account of the construction of the improvement. Answers were filed and after a hearing a decree in substantial conformity with the prayer of the bill was entered. From that decree the defendants prosecute this appeal.

At the March, 1929, term of the county court of LaSalle county, the board of local improvements of the city of Ottawa filed a certificate of the completion of the particular improvement in substantial conformity with the provisions of the ordinance requiring its construction. A time was fixed for a hearing to consider and determine whether the facts stated in the certificate were true. The statutory notice was given and owners of parcels of property assessed, including the appellees, filed objections to the application. The objectors charged that inferior materials had been used and that the improvement had not been completed in accordance with the provisions of the ordinance. The county judge of LaSalle county called Hon. Henry F. Ruel, judge of the county court of Kankakee county, to

preside at the hearing on the application and the objections thereto. The hearing began on January 2, 1930, and continued through six days. The questions presented were the cost of the improvement, the amount required to pay interest on the bonds, and whether the improvement had been constructed in substantial compliance with the requirements of the ordinance. Upon the conclusion of the testimony and the arguments of counsel, the court, by an order, took the case under advisement. On July 15, 1930, the court entered an order finding that it had jurisdiction of the subject matter and of the parties; that the certificate of completion and acceptance was legal and sufficient; that the improvement conformed substantially to the requirements of the ordinance, and that the cost as certified and the sum estimated to pay accruing interest on bonds were excessive to the extent of $2600 and $3000 respectively. The amount of the assessment in excess of $253,482.26 was abated and credited *pro rata* upon the respective assessments for the improvement and the certificate, as modified, was approved and confirmed. The objectors prayed an appeal from this order, but the motion was denied.

The appellees allege in their bill that on January 7, 1930, Judge Ruel stated in open court that the improvement had not been completed in accordance with the provisions of the ordinance; that he verbally ordered the contractor to repair the pavement; that, on account of the inferior brick used in the pavement, he would provide in an order, thereafter to be entered, for the allowance of a substantial rebate to the property owners; that Judge Ruel did not enter his findings or his order in his docket, nor did the clerk of the court do so upon any record in his office, and that the only order entered was one taking the case under advisement for an indefinite period of time. It is also alleged in the bill that on July 15, 1930, the appellees, by a motion, objected to further action or any decision upon the certificate until an additional certificate

should be filed by the board of local improvements; that a second motion supported by affidavits was made to make the record show the substance of the court's oral findings and verbal order on January 7, 1930; that the same affidavits were offered in support of a third motion for leave to introduce evidence of the repairs to the improvement made after the cause had been taken under advisement, and that all these motions were denied.

The grounds upon which the appellants seek a reversal of the decree are that the county court had jurisdiction when its order of July 15, 1930, was entered, and that this order is immune from attack in a collateral proceeding. To support the decree, the appellees maintain: first, that the remarks of Judge Ruel on January 7, 1930, and his action in taking the cause under advisement amounted to a final decision; second, that on July 15, 1930, the county court lacked jurisdiction to enter the order approving and confirming the certificate, and third, that the order entered on that day was void and subject to collateral attack.

Section 84 of the Local Improvement act (Cahill's Stat. 1933, p. 364; Smith's Stat. 1933, p. 516) provides that within thirty days after the final completion and acceptance of the work, the board of local improvements shall certify the cost thereof to the court in which the assessment was confirmed, together with an amount estimated by the board to be required to pay the accruing interest on bonds or vouchers issued to anticipate collection of the assessment. If the total amount assessed for the improvement exceeds its cost, the excess, except the estimated interest, shall be abated and the judgment reduced proportionately to the public and private property owners, and credited *pro rata* upon the respective assessments for the improvements under the direction of the court. It is further provided that when the assessment shall be divided into installments, it shall be the duty of the board of local improvements to state in the certificate whether the improvement conforms

substantially to the requirements of the original ordinance, and to make an application to the court to consider and determine whether the facts stated in the certificate are true. The court is required to fix a time and place for a hearing upon the application. It is provided that public notice shall be given of the time and place fixed for such hearing by posting and publication. Upon such hearing the certificate of the board of local improvements shall be *prima facie* evidence that the matters and things stated therein are true, but if any part thereof is controverted by objections duly filed, the court shall hear and determine the objections in a summary manner and shall enter an order according to the fact. The order of the court is made conclusive and no appeal or writ of error is allowed to review or reverse it. If the court finds against the allegations of the certificate, it is directed to enter an order accordingly, and, in that event, the board of local improvements shall procure the completion of the improvement. The board may file additional or supplemental applications until the court shall be satisfied that the allegations of the certificates are true, and that the improvement has been constructed in substantial conformity with the ordinance.

The jurisdiction or lack of jurisdiction on July 15, 1930, of the county court of LaSalle county over the subject matter, the particular proceeding, and the parties determines the validity or nullity of the order assailed. As applied to courts jurisdiction is the legal authority to hear and determine controversies concerning certain subjects. Jurisdiction of the subject matter is the right to hear and determine causes of the general class to which the particular cause belongs. In its application to a certain controversy, jurisdiction is the right to hear and determine that controversy. (*People* v. *Ford,* 289 Ill. 550; *O'Brien* v. *People,* 216 id. 354; *Sumner* v. *Village of Milford,* 214 id. 388). Local improvement proceedings did not exist at common law; they are of statutory creation. (*Downey*

v. *People*, 205 Ill. 230). The General Assembly may confer upon the county court jurisdiction to determine the questions arising in special statutory proceedings. (*People* v. *McGoorty*, 270 Ill. 610; 4 Mason on Special Assessments, (2d ed.) p. 1962). In local improvement proceedings jurisdiction is conferred upon county courts by section 37 of the Local Improvement act. (Cahill's Stat. 1933, p. 350; Smith's Stat. 1933, p. 501). Statutory jurisdiction requires strict compliance with the statute conferring it, or the proceeding will be void. (*People* v. *Brewer*, 328 Ill. 472; *City of Casey* v. *Cincinnati, Hamilton and Dayton Railway Co.* 263 id. 352; *Sumner* v. *Village of Milford, supra*). The purpose of invoking the jurisdiction of the court in local improvement causes is the protection, by judicial investigation and determination, of the rights of the owners whose property is subject to the assessment, the municipality and the holders of the improvement bonds. (*Case* v. *City of Sullivan*, 222 Ill. 56; 4 Mason on Special Assessments, (2d ed.) p. 1968). Section 84 provides for a summary hearing upon the certificate of completion and acceptance. The order of the county court is conclusive with respect to all facts which it is required to find on the hearing upon the certificate of the completion and cost of the improvement. *City of East Peoria* v. *Sheen*, 299 Ill. 185; *City of North Chicago* v. *McHugh*, 289 id. 121; *Village of Niles Center* v. *Schmitz*, 261 id. 467; *People* v. *Martin*, 243 id. 284; *City of Peoria* v. *Smith*, 232 id. 561; *People* v. *Cohen*, 219 id. 200.

The appellees contend that the remarks of the presiding judge and his order taking the case under advisement constituted a decision on the certificate. The appellants insist that these remarks are not part of the record and cannot be construed as a decision unless they are embodied in an order. It is essential that an amendment of the record of a cause be based upon some official or quasi-official note or memorial remaining in the files of the cause or upon

the records of the court. The facts proposed to be incorporated into a record to supply an omission through some fault, neglect, or oversight cannot be determined from the personal recollection of the judge or other persons, or from *ex parte* affidavits or testimony. (*Stein* v. *Meyers,* 253 Ill. 199; *Chicago, Burlington and Quincy Railroad Co.* v. *Wingler,* 165 id. 634; *Tynan* v. *Weinhard,* 153 id. 598). The motion of the appellees to alter the record to show the entry of an order finding against the allegations of the certificate was a motion, based merely upon personal recollection, to amend the record after the term at which the desired order was asserted to have been made had expired. The motion was properly denied.

It is further contended by the appellees that the denial of their motions and the refusal of the trial court to hear additional testimony at the time it entered the final order deprived them of their property without due process of law. After a cause has been heard, argued, and taken under advisement, no further application for judgment or notice to the parties is necessary before the court renders its judgment. (*People* v. *Noonan,* 276 Ill. 430; *Illinois Central Railroad Co.* v. *People,* 189 id. 119; *Updike* v. *Armstrong,* 3 Scam. 564). No duty rested upon the court to re-open the hearing. There is no allegation that the appellees were not heard nor that opportunity to be heard was denied them. The action of the county court in overruling their motions did not deny the appellees a hearing on their objections to the certificate under section 84.

The appellees cite *People* v. *Conway,* 253 Ill. 140, in support of their contention that the order approving and confirming the certificate is void and subject to collateral attack. In the case relied upon, Conway filed objections to an application for judgment and order of sale for a delinquent special assessment. The county court had found against the allegations of the certificate required to be filed by section 84 and had entered an order directing certain

changes to be made and additional work to be done. Subsequently, but before the changes were made and the additional work was done, the contractor entered into a bond to do the work required to make the improvement conform to the ordinance. The court accepted the bond and entered an order approving the certificate of completion. This court held that the county court was without authority to consider the bond. It pointed out that the object of section 84 was to provide for performance of the work and not for security that it would be done. The order of the county court was held void and subject to collateral attack. Manifestly, the case of *People* v. *Conway, supra,* is not parallel to the case at bar.

Reliance is also placed upon *People* v. *Brewer,* 328 Ill. 472. The contention there made that the county court never acquired jurisdiction was sustained, and its order approving the certificate of completion and acceptance was held to be subject to collateral attack. The certificate was issued by the council, and not by the board of local improvements of the city of Ottawa. The appellees concede that, in this case, the certificate was issued by the board of local improvements as required by section 84 of the act.

It is contended, however, that the remarks of the county court at the time the case was taken under advisement made the issuance and filing of a supplemental certificate mandatory, and *People* v. *Blocklinger,* 344 Ill. 447, is invoked to sustain the contention. The controlling question in that case was whether the county court retained jurisdiction to approve the certificate of completion and acceptance after it had entered an order remanding the matter to the board of local improvements with directions to cause the completion of the improvement in substantial conformity with the ordinance. The supplemental certificate did not certify that the improvement conformed to the requirements of the ordinance. It was contended that the second certificate was insufficient to give the county court jurisdiction thereby

rendering its order of approval open to collateral attack. This court held that jurisdiction was conferred by the original certificate, and that the county court did not lose jurisdiction of the subject matter by directing the board of local improvements to effect a substantial compliance with the ordinance. The final order was held to be immune from collateral attack. Obviously, an oral statement or suggestion that the contractor and the board of local improvements make certain repairs was not a finding against the allegations of the certificate. Remarks of courts giving reasons for their decisions in taking matters under advisement furnish no basis for assailing the judgments subsequently entered. (*DeWolf* v. *City of Chicago,* 186 Ill. 430). It was therefore unnecessary for the board of local improvements to file an additional certificate.

The county court acquired jurisdiction of the subject matter by the statute; of the particular proceeding by the filing of the certificate and application, and of the persons of the parties by the posting and publication of the requisite notice and the filing of objections to the approval and confirmation of the certificate. The trial court, after a hearing in accordance with the statute, decided that the improvement had been constructed in substantial compliance with the provisions of the ordinance. The order of the county court, by section 84, is made final and conclusive. The judgment of a court which has jurisdiction of the subject matter and of the parties and possesses the power to render the particular judgment, even though erroneous, is immune from collateral attack. *People* v. *Blocklinger, supra; People* v. *Weaver,* 330 Ill. 643; *People* v. *Ford, supra; Donner* v. *Board of Highway Comrs.* 278 Ill. 189; *Martin* v. *McCall,* 247 id. 484; *Sumner* v. *Village of Milford, supra.*

The decree of the circuit court is reversed and the cause remanded to that court with directions to dismiss the bill for the want of equity.

*Reversed and remanded, with directions.*

Mr. JUSTICE STONE, dissenting:

I do not agree with the conclusion of the foregoing opinion that the county court had jurisdiction to enter the order approving the certificate of costs and completion in this case. When the application for confirmation of the certificate of the board of local improvements was taken under advisement the judge announced that he found that the improvement did not conform to the ordinance, specifying wherein this was true, and stated that if within six months the board of local improvements and the contractor had repaired such portions of the improvement he would approve the certificate, and if they had not, he would not. Though the court, on finding that the improvement did not conform to the ordinance, entered no order of record to that effect, as required by section 84 of the statute, the facts sufficiently appear in the record of the county court made by the objections and affidavits of property owners who objected that the changed improvement did not conform to the ordinance. The cause appears to have been continued generally.

It sufficiently appears from the record of the county court that during the time such cause was under advisement the contractor went upon the improvement and tore out and replaced portions of it. No further certificate of the board of local improvements was filed or ordered, no further hearing was had but hearing on the objections filed was refused, and the judge announced that he had been over the improvement and found it complied with the ordinance and entered an order confirming the original certificate of cost and completion.

One of the essentials of a valid judgment is that the court have jurisdiction to render that particular judgment. Where a court, after acquiring jurisdiction of the subject matter, transcends the limits of the jurisdiction conferred, its judgment so entered is void. (*People* v. *Circuit Court,* 347 Ill. 34; *Armstrong* v. *Obucino,* 300 id. 140; *People*

v. *Siman,* 284 id. 28; *Chicago Title and Trust Co.* v. *Brown,* 183 id. 42; *Ex parte Reed,* 100 U. S. 13; *Russell* v. *Shurtleff,* 28 Colo. 414; 16 R. C. L. 7.) The only jurisdiction the county court possessed was derived from the statute. (*City of Casey* v. *Cincinnati, Hamilton and Dayton Railway Co.* 263 Ill. 352.) By section 84 of the Local Improvement act, when the court is of the opinion that the improvement does not conform to the ordinance, it is required "to enter an order accordingly, and in that event the board of local improvements shall procure the completion of the improvement." Nowhere does this section give to the court the power in such a case to approve the work until the changes have been made and a supplemental certificate of cost and completion is filed, as provided by the act, and opportunity to be heard thereon is given the property owners. Nowhere is the court given jurisdiction to confirm a certificate of cost and completion that does not relate to the improvement as changed. The act clearly contemplates that where the court is of the opinion that the improvement does not conform to the ordinance the board shall cause the work to be completed, and that a supplemental certificate shall be filed before the court may approve the work. (*People* v. *Blocklinger,* 344 Ill. 447.) This is simply in the furtherance of the right of property owners to be heard as to changed improvements. In the absence of such supplemental certificate, and hearing thereon, the court had no jurisdiction to pass on the improvement as altered. (*People* v. *Brewer,* 328 Ill. 472.) It seems clear to me that here the county court acted without authority of law, and its order was therefore void and subject to collateral attack, and that the decree of the circuit court should be affirmed.