CHICAGO TITLE AND TRUST COMPANY, Trustee, Plaintiff-Appellee, *v.* EUGENIA CZUBAK *et al.,* Defendants and Counterplaintiffs-Appellees— (EDWARD J. PALUCH, Defendant and Counterdefendant-Appellant.)

First District (4th Division)    No. 76-757

Opinion filed September 1, 1977.

Edward J. Paluch, of Chicago, for appellant, *pro se.*

Sudak, Grubman, Rosenthal & Feldman, of Chicago (Alan E. Sohn, of counsel), for appellees Eugenia Czubak *et al.*

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from an order holding the counterdefendant, Edward J. Paluch, in contempt of court for failing to respond to a citation to discover assets.

On June 6, 1975, after a bench trial, a decree was entered by Judge O'Brien of the Circuit Court of Cook County, Chancery Division, against Edward Paluch and Byron Czubak, counterdefendants, and in favor of counterplaintiffs, Richard and Eugenia Czubak. The decree provided in pertinent part that a judgment for $1 plus court costs be assessed against counterdefendants.

Thereafter, a citation to discover assets was issued on August 8, 1975, which ordered Paluch to appear before Judge Healy on August 19, 1975, for the purpose of being examined, and also ordered him to produce certain books, records, documents, and income tax returns. The citation recited that a judgment in the sum of $4,871.67 remained unsatisfied. The citation was served on August 11, 1975.

The matter was continued by agreement to September 19, 1975. Counterdefendant refused to submit to examination upon the citation on September 19, on the ground that the guardian ad litem fees were not court costs, and, therefore, since he had tendered the sum of $1 plus $62.47, the judgment was satisfied, and the proceedings should be

dismissed. The citation proceedings were denied by Judge Healy. Counterplaintiffs state that Judge Healy did not permit the examination at that time because he wanted the guardian ad litem fee question clarified. This reason does not appear in the record.

On November 26, 1975, pursuant to a motion for a citation hearing, Judge O'Brien ruled that the court costs assessed against the counterdefendants on June 6, 1975, included the guardian ad litem fees, in the amount of $4,705.50. Counterdefendant Paluch was ordered to appear for citation proceedings on January 5, 1975. Paluch filed a petition requesting the court to stay enforcement of the order entered on November 26 which directed him to appear for a citation examination on January 5, 1976. The petition was denied.

On February 5, 1976, Judge Covelli ordered the issuance of a rule to show cause against Paluch as to why he should not be held in contempt of court for failure to appear on January 5, 1976, for examination in accordance with the citation, and he also extended the citation 28 days after February 10, 1976. Following several other proceedings, Judge O'Brien, on April 13, 1976, found counterdefendant Paluch in contempt of court for failing and refusing to be examined upon a citation to discover assets pending against him, and committed him to the county jail. Paluch appeals from this order.

The issue presented for review is whether the citation proceedings had been terminated prior to the entry of the contempt order, and, if so, whether it was error for the trial court to enter the contempt order.

Counterplaintiffs contend that commencement of the contempt proceedings placed this matter outside the ordinary citation process, thereby tolling the period in which the citation remained in force. They note that all subsequent hearings were concerned with whether Paluch should be held in contempt of court, and that the citation examination was subordinated thereto. They conclude that to seek successive 28-day extensions would be unnecessary.

Counterdefendant Paluch argues that the citation proceedings were either (1) terminated by the court on September 19, 1975, (2) automatically terminated on or about February 11, 1976, or (3) terminated on March 9, 1976, the end of the 28-day extension period. He concludes that all other proceedings held and orders entered subsequently must fail since the citation proceedings had been terminated, and specifically concludes that the contempt order of April 13 must fail.

Supreme Court Rule 277 (Ill. Rev. Stat. 1975, ch. 110A, par. 277) regarding supplementary proceedings is controlling here. The section provides that:

"A proceeding under this rule continues until terminated by motion

of the judgment creditor, order of the court, or satisfaction of the judgment or decree, but terminates automatically six months from the date of service of the citation by which it is commenced. The court, however, may grant successive 28-day extensions beyond the six months." Ill. Rev. Stat. 1975, ch. 110A, par. 277(f).

The citation to discover assets was served upon Mr. Paluch on August 11, 1975. The proceedings would have automatically terminated on February 11, 1976, according to the statute. However, on February 5, 1976, Judge Covelli extended the citation proceedings 28 days after February 10, 1976, making the new expiration date March 9, 1976. No successive 28-day extensions were requested by counterplaintiffs nor granted by the court thereafter. As such, the citation proceedings terminated on March 9, 1976.

As previously mentioned, counterplaintiffs contend that the citation proceedings had not been terminated because the commencement of the contempt proceedings tolled the running of the termination period governing citation proceedings. Ill. Rev. Stat. 1975, ch. 110A, par. 277(f).

■■■ This provision does not support counterplaintiffs' position. In fact, the Rule clearly indicates that unless successive 28-day period extensions are granted, the citation proceedings terminate. Furthermore, where the underlying citation proceeding has automatically terminated, so must all other proceedings which are collateral to it except as exempted by supreme court rule. (Ill. Rev. Stat. 1975, ch. 110A, par. 277(f); *Federal Loan Corp. v. Harris* (1974), 17 Ill. App. 3d 49, 51-52, 308 N.E.2d 125, 128.) Contempt proceedings are not exempted by Rule 277(f). Since the citation proceedings automatically terminated on March 9, 1976, the contempt proceedings also were terminated as of that date because such proceedings were collateral to the citation. As such, the contempt order which was entered after the termination date must fail because the contempt proceedings had been terminated.

■■■ Additionally, we note that even if the contempt proceedings had not been terminated by virtue of the termination of the citation proceedings, Mr. Paluch would not be chargeable with contempt.

" 'In the ordinary case of advice to clients, if an attorney acts in good faith and in the honest belief that his advice is well founded and in the just interests of his client, he cannot be held liable for error in judgment. The preservation of the independence of the bar is too vital to the due administration of justice to allow of the application of any other general rule.' [Citation.]" (*Maness v. Meyers* (1975), 419 U.S. 449, 467-68, 42 L. Ed. 2d 574, 589, 95 S. Ct. 584, 596.)

As an attorney representing himself, Paluch firmly believed either that the

judgment had been satisfied or that the citation proceedings had been terminated. An attorney cannot be held for contempt for the defense he presents. (*Wayland v. City of Chicago* (1938), 369 Ill. 43, 50, 15 N.E.2d 516, 519.) An attorney's good faith attempt to represent his client without hindering the court's functions or dignity does not constitute a direct contempt of court. (*People v. Miller* (1972), 51 Ill. 2d 76, 79, 281 N.E.2d 292, 294.) We are satisfied that Mr. Paluch properly performed his duties as an advocate here, and he cannot suffer any penalty for performing such duties in good faith.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

DIERINGER, P. J., and ROMITI, J., concur.