2019 IL App (1st) 182705-U

THIRD DIVISION
December 11, 2019

No. 1-18-2705

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

---

| | |
|---|---|
| Z-FORCE TRANSPORTATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAVELAND RECYCLING, INC., | ) |
| | ) |
| Defendant, | ) |
| | ) |
| | ) |
| DORE LAW OFFICES, LLC f/k/a JOHN N. DORE AND ASSOCIATES, | ) |
| | ) Appeal from |
| Third-Party Claimant-Appellant, | ) the Circuit Court |
| | ) of Cook County |
| v. | ) |
| | ) 2010-CH-002275 |
| MB FINANCIAL BANK, NA, AS SUCCESSOR IN INTEREST TO AMERICAN CHARTERED BANK; AND SENECA INSURANCE COMPANY, | ) |
| | ) Honorable |
| | ) Thomas More Donnelley, |
| | ) Judge Presiding |
| Third-Party Claimants-Appellees, | ) |
| | ) |
| | ) |
| SENECA INSURANCE COMPANY, INC. | ) |
| | ) |
| Citation Respondent-Intervening Plaintiff-Appellee, | ) |
| | ) |

|  |  |
|---|---|
| v. | ) |
|  | ) |
| MB FINANCIAL BANK, NA, AS SUCCESSOR IN | ) |
| INTEREST TO AMERICAN CHARTERED BANK, | ) |
|  | ) |
|   Defendant-Appellee, | ) |
|  | ) |
|    and | ) |
|  | ) |
| DORE LAW OFFICES, LLC f/k/a JOHN N. DORE AND | ) |
| ASSOCIATES, | ) |
|  | ) |
|   Defendant-Appellant. | ) |

JUSTICE McBRIDE delivered the judgment of the court.
Justices Ellis and Howse concurred in the judgment.

ORDER

¶ 1   *Held*: Grant of plaintiff judgment creditor's motion to terminate its supplementary proceedings and "all collateral matters" affirmed and denial of motion to reconsider also affirmed, where third-party claimant whose pleading was dismissed as one of the "collateral matters" failed to show factual or legal support for its numerous appellate arguments and/or waived arguments by bringing them for the first time on appeal.

¶ 2   The law firm of Dore Law Offices LLC (Dore) appeals the dismissal of its petition to adjudicate an attorney's lien within supplementary proceedings that were pending against a former client. The law firm alleged that the former client, Waveland Recycling, Inc. (Waveland Recycling), owed legal fees for being represented between 2010 and 2013 in civil cases in Cook, Ogle, and Winnebago counties, Illinois. Before the law firm's petition was adjudicated, however, the plaintiff judgment creditor moved to terminate its supplementary proceedings as well as "all collateral matters" against the judgment debtor Waveland Recycling. The trial judge granted the motion and denied Dore's motion for reconsideration. Dore presents six arguments for reversing those orders and seeks the costs of the law firm's appeal. One of Dore's main contentions is that

the law firm was caught off guard when the trial judge "*sua sponte*" granted the motion to terminate without scheduling an additional hearing date, even though the parties had argued the motion twice before a trial judge who took the matter under advisement and then retired without issuing a ruling. Dore's other main contention is that the successor trial judge had no authority to dismiss the case because the predecessor judge had entered two favorable, "final and appealable" yet unappealed orders. Dore's argument is based on (1) an order granting Dore leave to file its petition to adjudicate an attorney's lien within the supplementary proceedings over the objection of the plaintiff judgment creditor and (2) an order denying the judgment creditor's subsequent motion to strike the law firm's petition. Dore contends the final orders of one circuit court judge cannot be reviewed or disregarded by another circuit court judge without diminishing the public's respect and confidence in our system. The appellees, plaintiff judgment creditor MB Financial Bank, NA (MB Financial Bank) and citation respondent Seneca Insurance Company, Inc. (Seneca Insurance), contend that all of the law firm's arguments lack factual support or are waived for lack of coherent argument, lack of supporting of authority, or failure to present them in the circuit court.

¶ 3    Z-Force Transportation, Inc., a waste hauler (Z-Force Transportation), was the original plaintiff in this action in 2010 when it sued its client Waveland Recycling for services rendered. Z-Force Transportation alleged in its verified complaint that from July 2007 until February 2010, it hauled solid waste and debris from Waveland Recycling's transfer station in Franklin Park, Cook County, Illinois, to the Veolia Environmental Services Orchard Hills Landfill, in Davis Junction, Ogle County, Illinois, and had not been paid. Waveland Recycling's legal counsel, Dore, filed an appearance and answered the complaint, but failed to respond to requests to admit certain facts. Z-Force Transportation then moved for summary judgment on the basis of Waveland Recycling's answer; Waveland Recycling's lack of response to the discovery requests; and documentary

evidence of Z-Force Transportation's services and invoices and Waveland Recycling's partial payments of the invoices. Waveland Recycling did not respond to the motion. The circuit court granted Z-Force Transportation summary judgment against Waveland Recycling in 2012 in the amount of $96,059 and $389 in costs.

¶ 4    Z-Force Transportation then issued citations to third parties, including Seneca Insurance, to discover assets belonging to Waveland Recycling upon which the money judgment could be enforced. The citation proceedings, filed pursuant to section 2-1402 of the Code of Civil Procedure, and also known as supplementary proceedings, were assigned to the calendar of Cook County Circuit Court Judge Alexander P. White. 735 ILCS 5/2-1402 (West 2012). Seneca Insurance responded that it had insured the waste facility in Franklin Park and owed its insured $249,304 due to property damage in 2011 caused by a roof collapse during a snowstorm, a frozen sprinkler system, wind damage, and theft. There were other claimants besides Z-Force Transportation, however, seeking Waveland Recycling's assets. Accordingly, the trial judge ordered Seneca Insurance to deposit $249,304 into an interest-bearing escrow account with American Chartered Bank.

¶ 5    After the funds were deposited in February 2013, Judge White periodically continued Z-Force Transportation's supplementary proceedings for the next five years. Meanwhile, the escrow account holder, American Chartered Bank, became one of five claimants for the funds. In early 2013, American Chartered Bank alleged that it had a superior interest to all creditors to the escrowed funds because it was a loss payee under Waveland Recycling's policy with Seneca Insurance, was a secured creditor, and was a judgment holder, all prior to Z-Force Transportation obtaining the money judgment.

¶ 6    Later in 2013, over the objection of American Chartered Bank, Judge White granted Dore

leave to intervene in Z-Force Transportation's supplementary proceedings with a petition to adjudicate an attorney's lien. Thus, there were six parties pursuing the escrowed funds. Dore claimed that Waveland Recycling owed for legal services rendered in the Z-Force Transportation suit as well as other civil suits that were filed around the same time. Still later in 2013, American Chartered Bank filed a section 2-619 motion to dismiss Dore's petition, which Judge White denied in 2014. 735 ILCS 5/2-619 (West 2012). As we indicated above, Dore now contends that Judge White's 2013 order granting the law firm leave to intervene and 2014 order denying the motion to dismiss are significant because they were "final and appealable," unappealed orders.

¶ 7 During a status call on April 21, 2015, Judge White entered a written order which "excused Seneca from further appearance in court," but indicated the property insurer would continue to receive copies of the other parties' filings and all court orders.

¶ 8 On June 7, 2016, Judge White entered an agreed order which authorized American Chartered Bank to disburse $46,122 of the escrowed insurance funds and thus resolve three of the six competing claims. The conclusion of those claims left at issue only the claims of Z-Force Transportation, American Chartered Bank, and Dore; and the interests of the insurer.

¶ 9 On August 25, 2016, American Chartered Bank merged with or was acquired by appellee MB Financial Bank. MB Financial Bank then participated in the supplementary proceedings in its capacity as the escrow holder and it also worked to resolve the disposition of funds.

¶ 10 MB Financial Bank persuaded Z-Force Transportation to assign its claims against Waveland Recycling to MB Financial Bank. A written contract dated August 29, 2017 indicates that Z-Force Transportation assigned all it claims against Waveland Recycling to MB Financial Bank, specifically including the right to the money judgment and the Seneca Insurance policy proceeds that were in escrow. Based on that assignment, on November 8, 2017, the trial judge

substituted MB Financial Bank as the plaintiff in the supplementary proceedings in place of Z-Force Transportation and entered and continued all other pending motions.

¶ 11    Thus, MB Financial Bank was the escrow holder as well as the plaintiff judgment creditor pursuing those funds.

¶ 12    After substituting as the plaintiff, MB Financial Bank filed a motion on December 1, 2017 to spread of record that it was electing to withdraw its claim against Seneca Insurance regarding the property insurance proceeds. MB Financial Bank also filed a motion to terminate its supplementary proceedings "and all collateral matters," which MB Financial Bank stated included dismissing with prejudice Dore's petition to adjudicate an attorney's lien. At the next status date, MB Financial Bank obtained a briefing schedule on both motions, with a hearing date in January 2018.

¶ 13    MB Financial Bank's motions were not heard in January, however, because on the scheduled date, Dore was granted leave to file its response brief *instanter* and the motions were continued for hearing in February 2018.

¶ 14    Dore's response was unclear. For instance, Dore argued that MB Financial Bank could not withdraw its claim against Seneca Insurance regarding the insurance proceeds, because that claim had already been terminated. We note that there was no apparent reason that the trial court would have terminated the supplementary proceedings as to Seneca Insurance and that Dore's argument was inconsistent with the record, such as the order indicating Seneca Insurance was excused from attending the court dates but would continue to receive copies of any orders the court entered. Judge White gave Dore additional time to produce a court order terminating the judgment creditor's claim against Seneca Insurance, but the law firm produced no such order.

¶ 15    Seneca Insurance also opposed MB Financial Bank's proposed conclusion of the

supplementary proceedings, but only to argue for a court order that protected Seneca Insurance from further claims. That is, Seneca Insurance wanted the trial judge to expressly discharge Seneca Insurance from liability for the $249,304 "it deposited with American Chartered Bank (now MB Bank)" pursuant to court order, dismiss Seneca Insurance with prejudice, and only then grant MB Financial Bank's motion to terminate its supplementary proceedings and all collateral matters.

¶ 16     Judge White considered the parties' briefs and oral arguments as to the bank's two motions and then permitted them to file supplemental briefs and return for a second round of oral arguments as to whether MB Financial Bank could spread of record that it was withdrawing its claim against Seneca Insurance and whether the court should dismiss the supplementary proceedings and all the ancillary matters. As part of its supplemental brief, MB Financial Bank filed a transcript of the initial arguments on May 1, 2018. The transcript indicates that Seneca Insurance's attorney stated that he and the plaintiff's attorney had combed the record for any indication that supported Dore's contention that the citation proceedings as to Seneca Insurance had been disposed of and that they could not find any order to that effect. The transcript also showed that Dore then objected to Seneca Insurance's attorney "trying to put himself in the position to support MB Bank's motion." Also, Dore no longer contended that there was a written order dismissing Seneca Insurance. Dore instead contended that once the insurer deposited the funds into escrow, the insurer was automatically and "completely out" of the litigation and that it had been "unnecessary" and "absurd" to enter dozens of continuance orders over the years as to Seneca Insurance.

¶ 17     While MB Financial Bank's two motions were fully briefed, argued, and under advisement, Judge White, who had presided over the post-judgment proceedings since their inception, retired from the bench in or around August 2018. Consequently, in October 2018, Dore, MB Financial Bank, and Seneca Insurance agreed that a status hearing *instanter* on all pending motions and other

matters would be the most expeditious way of informing the successor judge of the status of the lengthy case. By then, the post-judgment citation proceedings had been pending for almost seven years and the bank's two motions to conclude the proceedings had been pending for 10 months, and been the topic of two rounds of briefing and oral argument.

¶ 18    MB Financial Bank filed the parties' agreed motion for a status hearing *instanter* and gave notice that the motion would be presented on October 29, 2018.

¶ 19    On the scheduled date, the successor judge, Cook County Circuit Court Judge Thomas More Donnelly, granted MB Financial Bank's motion to spread of record the withdrawal of its citation against Seneca Insurance and its motion to terminate the supplementary proceedings and all collateral matters. We are unable to summarize the parties' oral arguments, as the record tendered for our review does not include a transcript of the proceedings, or one of the two alternatives, which are an agreed statement of the facts or a bystander's report. Illinois Supreme Court Rule 321 (eff. Feb. 1, 1994) and Rule 323 (eff. July 1, 2017) required a report of proceedings or an acceptable substitute, such as a bystander's report or an agreed statement of facts. It is the appellant's responsibility to present an adequate record for review of any claimed errors. See Ill. S. Ct. R. 321 (eff. Feb 1, 1994); Ill. S. Ct. R. 323 (eff. July 1, 2017); see also *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984).  Any doubts that arise from the incompleteness of the record are to be resolved against the appellant. See *Haudrich v. Howmedica, Inc.*, 169 Ill.2d 525, 546-47, 662 N.E.2d 1248, 1258 (1996); see also *Foutch*, 99 Ill. 2d at 391-92, 459 N.E.2d at 959.

¶ 20    Dore filed a motion for reconsideration, presenting three arguments. Dore first argued that the matter had been noticed for a status call only, the attorneys' agreed motion sought an additional date to argue all pending motions, and Dore was prejudiced when Judge Donnelly "*sua sponte*,

decided to entertain argument on *** only the motion [(*sic*)] of MB Financial Bank." Dore's second argument was that the judge's actions "were not the subjects [(*sic*)] of any actual notice are [(*sic*)] required by standards of due process" and the judge "was also informed that another Attorney was going to be late to appear before the Court to represent another Party." Dore did not identify the additional attorney or the attorney's client or indicate that anyone asked the court to postpone the hearing or delay ruling for this reason. Dore's third argument for reconsideration was that the judge "argued [(*sic*)] that all the prior court Orders in the case were temporary or interlocutory as opposed to being final," but the "correct law is that the Orders entered in a post-judgment supplement [(*sic*)] proceedings [(*sic*)] are final for purposes of appeal and that Judge Donnelly "had no authority to change the [prior] Orders or rule on them."

¶ 21    During the reconsideration hearing, Seneca Insurance confirmed that it had attended the dismissal hearing, reviewed the dismissal order prior to its entry, and had no objection to it.

¶ 22    After considering the briefs and arguments, Judge Donnelly ruled that Dore had not established any of the three potential grounds for reconsideration and denied the motion.

¶ 23    Here, Dore appeals the termination of the law firm's petition to adjudicate an attorney's lien within MB Financial Bank's citation proceedings. Dore first argues that the trial court did not have jurisdiction over a necessary party to those proceedings, American Chartered Bank, after that banking institution merged with MB Financial Bank in August 2016. Dore does not explain why it considers American Chartered Bank to be a necessary party despite its merger into MB Financial Bank and MB Financial Bank's ongoing participation in the case. Dore contends that because of the merger, American Chartered Bank "became a non-party" and then, because "the court had no jurisdiction of [American Chartered Bank] as a necessary party in the supplementary proceedings," all orders entered (by both judges who presided over the case) are "void as a matter of law." Dore

cites statutes and case law that state general principles about supplementary proceedings (*e.g.*, 735 ILCS 5/2-1402 (West 2012)), a statute which authorizes the substitution of a party in a legal action (735 ILCS 5/2-1008 (West 2012)), and case law which indicates that orders entered without personal jurisdiction over a necessary party are void (*e.g.*, *In re the Adoption of E.L.*, 315 Ill. App. 3d 137, 149, 733, N.E.2d 846 (2000) (indicating that child custody and adoption orders entered by a court which did not have personal jurisdiction over the child's biological father were void *ab initio* because the biological mother's attorney had perpetrated fraud upon the biological father and the trial court)). None of the cited authority, however, involves a merger or a party that became a "non-party."

¶ 24    We find that this first argument is waived, because it has been presented for the first time on appeal. *Robidoux v. Oliphant,* 201 Ill. 2d 324, 344, 775 N.E.2d 987, 998-99 (2002) (issues not raised in the circuit court cannot be argued for the first time on appeal). As MB Financial Bank points out, Dore did not object when MB Financial Bank began participating in the case as early as December 2016, in its capacity as the escrow holder after it merged with American Chartered Bank in August 2016. A written order dated December 13, 2016 indicates MB Financial Bank, Z-Force Transportation, and Dore were in court for a status call and that the bank made an oral motion for a rule to show cause. The order and the oral motion for rule to show cause are of no particular significance in these proceedings, other than that the order is a record of MB Financial Bank's participation in lieu of American Chartered Bank, without Dore's objection. The record includes numerous other orders leading up to the dismissal of the supplementary proceedings in 2018. None of the orders entered while MB Financial Bank was taking part in the case in its capacity as the escrow holder indicate that Dore made an argument about MB Financial Bank's standing or suggested that American Chartered Bank was a necessary but absent party whose

absence impaired the trial court's authority. Furthermore, Dore failed to present the standing argument or the necessary party argument in response to MB Financial Bank's motion to terminate the proceedings or in Dore's motion seeking reconsideration of the dismissal. Dore's first appellate argument is untimely and therefore waived.

¶ 25     Waiver aside, the argument is unpersuasive because it relies on irrelevant facts and is contrary to the law.

¶ 26     We agree with MB Financial Bank's contention that Dore has failed to argue any cogent reason why the status of the former escrow holder, American Chartered Bank, when the case was dismissed, would have any bearing on the trial court's authority.

¶ 27     Furthermore, MB Financial Bank indicates that the bank merger is a matter of public record maintained on the Federal Reserve's National Information Center website and that pursuant to Illinois banking law, the bank that results from a merger is considered the same business and corporate entity with all the property, rights, powers, duties, and obligations of each merging bank. See 205 ILCS 5/28 (West 2014); *De Korwin v. First Nat'l Bank of Chicago*, 179 F.2d 347, 353 (7th Cir. 1949) (when banking corporations merge, the subsumed entity subsequently lacks formal legal existence but its duties and obligations remain alive in a new corporate entity). Thus, in effect, escrow holder American Chartered Bank continued to be part of the proceedings even after it merged into MB Financial Bank. Seneca Insurance adds that Dore does not dispute that MB Financial Bank was American Chartered Bank's successor in interest and was properly before the court at all times.

¶ 28     Seneca Insurance further argues that Dore is simply wrong in arguing that a lack of personal jurisdiction over American Chartered Bank, once it merged and ceased to exist as a separate identity, could deprive the trial court of the power to enter valid orders. Seneca Insurance correctly

relies on the Illinois Supreme Court's statement in *In re M.W.*, 232 Ill. 2d 408, 426-27, 905 N.E.2d 757, 770 (2009), that "[l]ack of personal jurisdiction *** does not deprive the court of jurisdiction over the subject matter of the dispute; it merely deprives the court of the ability to impose judgment on parties over whom it lacks personal jurisdiction." Thus, even assuming for the purposes of argument that the trial court lost personal jurisdiction over American Chartered Bank, this change would not deprive the trial court of its capacity to enter a valid order affecting the remaining parties.

¶ 29    MB Financial Bank had two roles in the proceeding. In addition to becoming the escrow holder due to a bank merger, MB Financial Bank was also the assignee and successor in interest to the plaintiff judgment creditor Z-Force Transportation. Seneca Bank cites a portion of the Code of Civil Procedure indicating that if an event causes "a change or transmission of interest or liability" of a party, that "the action does not abate," that the trial court may substitute or add parties, and that the proceeding will carry on with or without a change in the title of the cause. See 735 ILCS 5/2-1108 (West 2014). The record indicates that MB Financial Bank formally substituted as the plaintiff judgment creditor pursuant to its written assignment from Z-Force Transportation, and that this substitution occurred before MB Financial Bank asked the trial court to conclude the supplementary proceedings and all collateral matters. MB Financial Bank was the entity, not American Chartered Bank, which filed the motion to dismiss and obtained the relief of the dismissal order. Dore cites no authority indicating that the absence of an entity which neither sought nor obtained any benefit from the dismissal was of any consequence to the trial court's power to conclude the proceedings.

¶ 30    In our opinion, MB Financial Bank and Seneca Insurance have accurately summarized the proceedings and the relevant legal principles. The record and authority indicate the trial court

always had authority to effectively grant MB Financial Bank's motion to dispose of its supplementary proceedings and the ancillary claims which included Dore's petition to adjudicate an attorney's lien. Therefore, if Dore had not waived its first argument on appeal, we would reject it on the merits.

¶ 31    We find that Dore also waived its second argument. The full extent of Dore's second argument is the bare statement that the trial court lacked subject matter jurisdiction when it dismissed the supplementary proceedings, as there was no notice that MB Financial Bank's motions would be heard. "The appellant [has] a positive duty to support each point made in its appeal with contentions, citation of authorities, and references to pages of the record." *Piper v. Moran's Enterprises*, 121 Ill. App. 3d 644, 649, 459 N.E.2d 1382, 1386 (1984). If a point is not argued, it is waived and may not be raised in a reply brief, oral argument or petition for rehearing. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). The unsupported contention is waived. In any event, "[j]urisdiction of the subject-matter is the right to hear and determine causes of the general class to which the particular cause belongs." *Woodward v. Ruel*, 355 Ill. 163, 168, 188 N.E. 911, 913 (1933); *In re M.M.*, 156 Ill. 2d 53, 64, 619 N.E.2d 702, 709 (1993). Without question, a citation proceeding to enforce a Cook County judgment is within the general class of cases that the Circuit Court of Cook County has the right to hear and resolve. *See* 735 ILCS 5/2-1402 (West 2012) (providing for citation proceedings in which a judgment holder may discover and be awarded assets to satisfy an unpaid judgment).

¶ 32    Waiver also applies to Dore's third argument. Dore contends that MB Financial Bank's motion to terminate the supplementary proceedings and "all collateral matters" prejudiced Dore, because the correct, statutory language was "adverse claim." Dore cites *Visvardis*, for the proposition that "[m]eticulous practice requires proper designation of all motions" and that this

appellate court will reverse when a motion's misdesignation had prejudiced a nonmoving party. *Visvardis v. Ferleger*, 375 Ill. App. 3d 719, 723, 873 N.E.2d 436, 441 (2007), *as modified on denial of reh'g* (Sept. 7, 2007). In that case, the appellate court ruled that allowing a defendant to attack a complaint under section 2-619 when only a section 2-615 motion was filed would be unjust. *Visvardis*, 375 Ill. App. 3d at 724, 873 N.E.2d at 441. Dore seems to be arguing that it was the trial court that was confused by a mislabeling of the motion and that this confusion meant "the court could not determine if there were issue of law or fact that were set forth in MB's motions [(*sic*)]." Even if this argument had merit, which it does not, Dore fails to indicate that this argument was presented to the trial court. The argument does not appear in the transcript of the oral arguments presented to Judge White on May 1, 2018. Furthermore, Dore failed to include a verbatim transcript of the other arguments before Judge White or of the "status hearing *instanter*" before Judge Donnelly. As we noted above, we are to resolve any doubts arising from the incompleteness of the record against the appellant. *Haudrich*, 169 Ill. 2d at 546-47, 662 N.E.2d at 1258; *Foutch*, 99 Ill.2d at 391-92, 459 N.E.2d at 959. Furthermore, the argument does not appear in Dore's motion for Judge Donnelley's reconsideration. The new argument on appeal has been waived. See *Robidoux,* 201 Ill. 2d at 344, 775 N.E.2d at 998-99 (issues not raised in the trial court cannot be argued on appeal).

¶ 33 Furthermore, as MB Financial Bank and Seneca Insurance respond, the record betrays Dore's contention that either of the judges or Dore became confused by the "misidentification" of the law firm's petition to adjudicate an attorney's lien as a "collateral matter" to the judgment creditor's supplementary proceedings instead of as an "adverse claim" in those supplementary proceedings. As Dore concedes, the character of a motion is determined by its content, not its title. See *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 33, 33 N.E.2d 840, 849. In

its body, as opposed to its title, the motion to terminate the proceedings specifically referenced Dore's petition to adjudicate an attorney's lien. Thus, neither the trial court nor Dore was misled. Also, the trial court and Dore were well aware of the purpose of MB Financial Bank's motion to terminate as demonstrated by Dore's argument in opposition. The transcript of arguments to Judge White on May 1, 2018 indicates that Dore argued at length in opposition to MB Financial Bank's requests. In its written opposition, Dore discussed the law firm's petition to adjudicate an attorney's lien, stated that "MB's Motion attempts to have the Court decide the Dore Counsel Petition to Adjudicate the Attorney [*(sic)*] Lien," and argued that the bank's motions should be denied.

¶ 34    Nevertheless, Dore now states that "actual[,] material prejudice to Dore is shown in the court order that substantively adopted all the language of MB's motions [*(sic)*] to dismiss Dore's adverse claim on behalf of Waveland, with prejudice." Dore is referring to the order which was handwritten by MB Financial Bank's attorney and then entered by the trial court at the conclusion of the hearing on October 29, 2018. We are not surprised that two documents that were drafted by the same attorney about the same request employ the same or substantially similar language. This sameness or similarity in wording could not be prejudicial to Dore's interests.

¶ 35    Thus, waiver aside, Dore's contention that the bank's use of the phrase "collateral matters" instead of "adverse claims" in the title of its motion was somehow a "misidentification" that was prejudicial is not well-ground in fact.

¶ 36    Dore's fourth argument is that the firm was deprived of notice and an opportunity to be heard when Judge Donnelly "*sua sponte*" granted MB Financial Bank's motion to terminate the proceedings and dismiss Dore's petition. Dore cites cases indicating that a *sua sponte* ruling "deprives a party of notice and an opportunity to raise objections because the court acts on its own

and without any warning." *Peterson v. Randhava*, 313 Ill. App. 3d 1, 13, 729 N.E.2d 75, 84 (2000); *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993) (notice and an opportunity to be heard " 'is deeply imbedded in our concept of fair play and justice' "); *People v. Kitchen*, 189 Ill. 2d 424, 434-435, 727 N.E.2d 189, 194 (1999) (where no motion to dismiss was pending and the parties convened for a status hearing, the court's failure to give notice that it intended to make a substantive ruling on the defendant's post-conviction petition and its failure to hear arguments on the petition was a denial of procedural due process and required *vacatur* of the dismissal). Dore contends the record shows that the dismissal was procedurally improper and must be reversed.

¶ 37    MB Financial Bank responds that Dore agreed that the pending motions would be addressed, is misdescribing the nature of the hearing that occurred when Judge Donnelly granted the motions, and that the cited cases are not even remotely similar to this case.

¶ 38    Seneca Insurance also disagrees with Dore's suggestion that the trial court was misled into granting the dismissal motion. Seneca Insurance contends the argument is patently meritless because Dore had notice and the opportunity to present written briefs and extensive oral argument in opposition to MB Financial Bank's motions.

¶ 39    We find that Dore's argument is contrary to the record indicating the parties had notice and multiple opportunities to be heard regarding the proposed dismissal of the supplementary proceedings and all collateral matters. Dore presented written and oral arguments on more than one occasion before MB Financial Bank's motions were taken under advisement by the first judge on June 7, 2018. While Judge White was presiding over the case, Dore filed a written response on January 29, 2018 to the motion to terminate the proceedings, filed a separate written response on January 29, 2018 to the motion to withdraw the citation as to Seneca Insurance, presented oral argument in opposition to both motions on February 21, 2018, argued again on May 1, 2018 as to

both motions, and then filed a supplemental written response on July 25, 2018. (Dore also filed a motion for reconsideration and argued that motion on December 5, 2018.)

¶ 40     The argument is also contrary to the contents of the agreed order seeking a hearing *instanter* on all pending motions. The agreed order specified that there were "several fully briefed motions that have been argued and are currently pending resolution in this Court" and those "fully briefed and argued motions" included the bank's motion to withdraw its citation as to Seneca Insurance and the bank's motion to terminate the proceedings altogether. The agreed motion further specified that counsel for Dore agreed to have a status hearing "to address these matters and provide the new presiding judge of this matter with any other information that might be needed to bring him or her up to date." The agreed motion asked the court to either "hold a status hearing *instanter* or as soon as practicable, so that the pending matters can be addressed." Thus, there is no doubt that counsel for the various parties had agreed that rulings on the pending motions were due and that the successor judge should be provided with whatever additional information might assist the judge in making those rulings.

¶ 41     Furthermore, because the bank's motions had been taken under advisement by Judge White on June 7, 2018, Dore cannot argue that it should have been granted another opportunity to argue the motions yet again after the status hearing *instanter* before Judge Donnelly on October 29, 2018. "After a cause has been heard, argued, and taken under advisement, no further application for judgment or notice to the parties is necessary before the court renders its judgment." *Woodward*, 355 Ill. at 170, 188 N.E. at 913; *In re M.M.*, 156 Ill. 2d at 64, 619 N.E.2d at 709. Dore was not entitled to further argument before the trial court entered its decision to grant MB Financial Bank's motion to terminate.

¶ 42     It is also our opinion that none of the cited cases are factually similar to this case and that

they serve only to demonstrate the incorrectness of Dore's argument.

¶ 43    For these reasons, we reject Dore's fourth argument and find that the dismissal order entered on October 29, 2018 was procedurally proper.

¶ 44    Dore next argues that the successor judge committed reversible error by "overruling" two "final and appealable" yet unappealed orders entered by the predecessor judge. As we summarized above, Dore is relying on two orders which allowed Dore to maintain its claim within the supplementary proceedings over the opposition of the plaintiff judgment creditor. The first order, dated June 4, 2013, granted Dore leave to intervene by filing a petition to adjudicate an attorney's lien, despite American Chartered Bank's response in opposition. The second order, dated October 9, 2013, denied American Chartered Bank's section 2-619 motion to dismiss Dore's petition. Dore cites *Williams Montgomery & John, Ltd. v. Broaddus*, 2017 IL App (1st) 161063, ¶ 34, 91 N.E.2d 915, for the proposition that "Citation orders entered in supplementary proceedings pursuant to section 2-1402 become final and appealable upon their entry." Dore cites *People ex rel. Phillips Petroleum Co. v. Gitchoff*, 65 Ill. 2d 249, 257, 357 N.E.2d 534, 538 (1976), for the proposition that one circuit court judge may not review or disregard the orders of another circuit court judge, and that the second judge's conduct diminishes the public's respect and confidence in our judiciary. Dore contends that Judge Donnelly's error in "overruling" Judge White's "final and appealable" orders warrants reversal on appeal.

¶ 45    MB Financial Bank responds that Dore's failure to articulate a coherent argument has again resulted in waiver. MB Financial Bank also responds that at the reconsideration hearing, Judge Donnelly pointedly asked Dore to identify where Judge Donnelly overruled any turnover order and Dore did not identify any language having that effect.

¶ 46    Seneca Insurance responds that no prior orders were final and appealable and no prior

orders were overruled.

¶ 47    Seneca Insurance is correct. Both of the orders Dore cites were interlocutory rather than final and appealable. Furthermore, Judge Donnelly's dismissal order did not "overrule" or otherwise change any of Judge White's orders.

¶ 48    "To be final and appealable an order must terminate the litigation on the merits or settle the rights of the parties thereto, either upon the entire controversy or some definite part thereof, so that if affirmed the only thing remaining to do is to proceed with execution." *Havlen v. Waggoner*, 92 Ill. App. 3d 916, 918, 416 N.E.2d 684, 686 (1981). The case at bar was a citation proceeding pursuant to section 2-1402 of the Code of Civil Procedure. "An order in a section 2-1402 proceeding is said to be final when the citation petitioner is in a position to collect against the judgment debtor or a third party, or the citation petitioner has been ultimately foreclosed from doing so." *D'Agostino*, 382 Ill. App. 3d at 641, 888 N.E.2d at 666. Generally, appellate jurisdiction exists only to review final orders. *D'Agostino v. Lynch*, 382 Ill. App. 3d 639, 641, 888 N.E.2d 663, 666 (2008).

¶ 49    The order granting Dore leave to file a petition to adjudicate an attorney's lien did nothing more than allow Dore to formally enter the case. That order did not terminate Dore's petition on the merits and did not in any way settle the parties' rights to the funds that were in escrow. Similarly, the subsequent order denying American Chartered Bank's motion to dismiss Dore's petition merely rejected the bank's arguments and allowed Dore to maintain the petition that was on file. The court did not resolve the merits of Dore's petition, prioritize the competing claims, or conclude any of the competing claims. See also *Chapman v. United Insurance Co. of America*, 234 Ill. App. 3d 968, 970, 602 N.E.2d 45, 46 (1992) (specifying that the denial of a motion to dismiss is not a final determination but rather is interlocutory); *Commonwealth Edison Co. v.*

*Illinois Commerce Comm'n*, 368 Ill. App. 3d 734, 742, 858 N.E.2d 65, 72 (2006) (stating that the denial of a motion to dismiss is an interlocutory order which "may be modified or revised by a successor court at any time prior to final judgment"). Neither of the orders Dore relies upon permitted any party to collect any funds or foreclosed any party from collecting any funds. Thus, neither of the orders Dore has cited qualified as a final and appealable order. These orders were interlocutory.

¶ 50    The law firm has mistakenly relied on *Williams Montgomery & John*, 2017 IL App (1st) 161063, 91 N.E.2d 915, to suggest that *all* orders entered in citation proceedings are final and appealable orders. Dore relies on a single sentence and fails to discuss the factual or procedural history of *Williams Montgomery & John*, 2017 IL App (1st) 161063, 91 N.E.2d 915, or apply the court's analysis to the facts of this case. In context, however, it is clear that the court was discussing a *final* order entered in a citation proceeding. Dore takes the same approach in presenting *Gitchoff*, 65 Ill. 2d 249, 357 N.E.2d 534. That opinion involved two cases that were simultaneously pending in two different Illinois counties (Macon County and Madison County) and it does not say anything about final and appealable orders.

¶ 51    In any event, no orders were overruled. Judge White and Judge Donnelly considered different issues and arguments when they entered the three orders implicated by Dore's argument. When Judge White addressed Dore's motion to intervene in the supplementary proceedings with a petition regarding an attorney's lien, the judge considered whether there were common issues of fact or law that affected the various claimants to the insurance proceeds, such that Dore's motion should be granted pursuant to section 2-408 of the Code of Civil Procedure. 735 ILCS 5/2-408 (West 2012) (providing for intervention as a matter of the party's right or as a matter of the court's discretion). When Judge White addressed American Chartered Bank's motion to strike Dore's

petition, the judge considered whether Dore had complied with the statutory prerequisites of the Attorney's Lien Act (770 ILCS 5/1 (West 2012)) and whether any interest that Dore claimed in the insurance proceeds was, as a matter of law, inferior to that of American Chartered Bank. When Judge Donnelly addressed MB Financial Bank's motion to terminate the proceedings altogether, the judge considered whether, in light of the withdrawal of the last pending citation (the citation that had been pending against Seneca Insurance), the citation proceedings should be dismissed in accordance with Rule 277(f) and authority indicating that collateral matters terminate contemporaneously with termination of a citation proceeding. See *Chicago Title & Trust Co. v. Czubak, 53 Ill. App. 3d 193, 196, 368 N.E.2d 404, 406 (1977)*. Because the three rulings addressed three different topics, the third ruling did not revisit or "overrule" either of the first two rulings.

¶ 52    Thus, the facts and the law do not support Dore's contention that Judge Donnelly lacked authority to dismiss MB Financial Bank's citation proceedings and all the ancillary matters.

¶ 53    Dore's sixth and last contention is that the court should have granted Dore's motion to reconsider the dismissal of the supplementary proceedings and all collateral matters. Dore's motion relied on some of the arguments advanced here, all of which we have rejected. Dore, however, has argued only generally that its motion "contained a number of examples where the court failed to apply the pertinent Illinois law." Accordingly, we find the argument is waived and we decline to address it. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); *Piper*, 121 Ill. App. 3d at 649, 459 N.E.2d at 1386.

¶ 54    We conclude that Dore has not met the appellant's burden of showing that the dismissal of its petition was in error and that the motion for reconsideration of the dismissal should have been granted. Therefore, we affirm the orders of the circuit court. In light of this disposition, we need not reach Dore's bare "request[] that the Appellate Court award Appellant its costs of the appeal."

1-18-2705

¶ 55   Affirmed.